# STATE OF NORTH DAKOTA EX REL. FRANK E. PACKARD, as a Member of the State Tax Commission v. CARL O. JORGENSON, as State Auditor.

(154 N. W. 525.)

Original writ of mandamus to compel the state auditor to issue salary warrants to the members of the state Tax Commission.

**Mandamus — original writ — state auditor — state Tax Commission — laws — repeal of — salaries — appropriation for.**

*Held,* that chapter 43, Sess. Laws 1915, does not directly or indirectly repeal § 5, chapter 303, Sess. Laws 1911, which, under the holding in State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, appropriates money for the salaries of such tax commissioners.

Opinion filed October 7, 1915.

Writ issued.

*George E. Wallace* and *H. H. Steele,* for petitioner.

The supreme court has original jurisdiction to issue writs of mandamus or other writs, especially where the prerogatives, rights and franchises of state government are involved.   Const. §§ 86, 87; Rev. Codes 1905, §§ 6751, 7822, Comp. Laws 1913, §§ 6727, 8457; State ex rel. Goodwin v. Nelson County, 1 N. D. 101, 8 L.R.A. 283, 26 Am. St. Rep. 609, 45 N. W. 33; State ex rel. Moore v. Archibald, 5 N. D. 359, 66 N. W. 234; State ex rel. Wineman v. Dahl, 6 N. D. 81, 34 L.R.A. 97, 68 N. W. 418; State ex rel. Plain v. Falley, 8 N. D. 90, 76 N. W. 996; State ex rel. Wolfe v. Falley, 9 N. D. 450, 83 N. W. 860; State ex rel. Fosser v. Lavik, 9 N. D. 461, 83 N. W. 914; Anderson v. Gordon, 9 N. D. 480, 52 L.R.A. 134, 83 N. W. 993; State ex rel. Granvold v. Porter, 11 N. D. 309, 91 N. W. 944; State ex rel. Buttz v. Liudahl, 11 N. D. 320, 91 N. W. 950; State ex rel. Byrne v. Wilcox, 11 N. D. 329, 91 N. W. 955; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 388; Duluth Elevator Co. v. White, 11 N. D. 534, 90 N. W. 14; State ex rel. Mitchell v. Larson, 13 N. D. 420, 101 N. W. 315; State ex rel. Frich v. Stark County, 14 N. D. 368, 103 N. W. 913; State ex rel. Madderson v. Nohle, 16 N. D. 168, 125 Am. St. Rep. 628, 112 N. W. 141; State ex rel. Erickson v. Burr, 16 N. D. 581, 113 N. W. 705; State ex rel. Steel v. Fabrick, 17 N. D. 532, 117 N. W. 860; State ex rel. Cooper v. Blaisdell, 17 N. D. 575, 118 N. W. 225; State ex rel. McCue v. Blaisdell, 18 N. D. 55, 24 L.R.A.(N.S.) 465, 138 Am. St. Rep. 741, 118 N. W. 141, 18 N. D. 31, 118 N. W. 360; State ex rel. Miller v. Norton, 20 N. D. 180, 127 N. W. 717; State ex rel. Williams v. Meyer, 20 N. D. 628, 127 N. W. 834; State ex rel. Miller v. Miller, 21 N. D. 324, 131 N. W. 282; State ex rel. Watkins v. Norton, 21 N. D. 473, 131 N. W. 257; State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A.(N.S.) 67, 142 N. W. 450.

"A majority of said Tax Commission shall constitute a quorum for the transaction of business and the performance of the duties of the commission." Comp. Laws 1913, § 2085.

"It is elementary that when two laws relating to the same subject-matter are passed at the same legislative session they are to be construed together if possible, so as to give effect to each." Hoyne v. Danisch, 264 Ill. 467, 106 N. E. 341.

"It is sufficient if the intention to make the appropriation is clearly evidenced by the language employed in the statute upon the subject, or if it is evident that no effect can possibly be given to a statute unless it be construed as making the necessary appropriation." Carr v. State, 127 Ind. 204, 11 L.R.A. 370, 22 Am. St. Rep. 624, 26 N. E. 778; Power v. Hamilton, 22 N. D. 177, 132 N. W. 664; Vermont Loan & T. Co. v. Whithed, 2 N. D. 82, 49 N. W. 318; State ex rel. Flaherty v. Hanson, 16 N. D. 347, 113 N. W. 371; Whitney v. Whitney, 14 Mass. 92; Ryegate v. Wardsboro, 30 Vt. 746; People ex rel. Atty. Gen. v. Utica Ins. Co. 15 Johns. 358, 8 Am. Dec. 243; Durousseau v. United States, 6 Cranch, 307, 3 L. ed. 232; Brewer v. Blougher, 14 Pet. 178, 10 L. ed. 408; Reiche v. Smythe, 13 Wall. 162, 20 L. ed. 566; Atkins v. Fibre Disintegrating Co. 18 Wall. 302, 21 L. ed. 841; 36 Cyc. 1109, and cases cited; Howlett v. Cheetham, 17 Wash. 626, 50 Pac. 523.

"Repeals by implication are not favored, and will not be indulged in unless it is manifest that the legislature so intended." Reeves & Co. v. Bruening, 16 N. D. 402, 114 N. W. 313; 26 Am. & Eng. Enc. Law, 721, and cases cited; 2 Current Law, 1734–1736 and recent authorities cited; 36 Cyc. 1087; Birmingham v. Southern Exp. Co. 164 Ala. 529, 51 So. 159; State ex rel. Metcalf v. Baker, 114 Minn. 209, 130 N. W. 999; Wilson v. Edwards County, 85 Kan. 422, 116 Pac. 614; Greenbush Cemetery Asso. v. Van Natta, 49 Ind. App. 194, 94 N. E. 899; Lewis's Sutherland Stat. Constr. 2d ed. § 247, and note, § 267, and cases cited; State v. Young, 17 Kan. 414; Minot v. Amundson, 22 N. D. 239, 133 N. W. 551; Hoyne v. Danisch, 264 Ill. 483, 106 N. E. 341; People ex rel. Hinch v. Harrison, 185 Ill. 307, 56 N. E. 1120; People ex rel. Kelly v. Raymond, 186 Ill. 407, 57 N. E. 1066; Galpin v. Chicago, 249 Ill. 554, 94 N. E. 961; Cruse v. Aden, 127 Ill. 231, 3 L.R.A. 327, 20 N. E. 73; People ex rel. Akin v. Kipley, 171 Ill. 44, 41 L.R.A. 775, 49 N. E. 229; Hogan v. Akin, 181 Ill.

448, 55 N. E. 137; Krome v. Halbert, 263 Ill. 172, 104 N. E. 1066; People ex rel. Redman v. Wren, 5 Ill. 269; Bryan v. Buckmaster, Breese (Ill.) 408; People ex rel. Krouse v. Harrison, 191 Ill. 257, 61 N. E. 99; Cleveland, C. C. & St. L. R. Co. v. Blind, — Ind. —, 105 N. E. 483; 9 Ind. Dig. Stat. V. b; Carver v. Smith, 90 Ind. 222, 46 Am. Rep. 210; Jeffersonville, M. & I. R. Co. v. Dunlap, 112 Ind. 93, 13 N. E. 403.

There must be an irreconcilable conflict before it can be said that one law passed by the same legislature repeals another upon the same subject, and there is no such conflict unless, after the application of every recognized rule of construction, substantial harmony is found impossible. Hay v. Baraboo, 127 Wis. 1, 3 L.R.A.(N.S.) 84, 115 Am. St. Rep. 977, 105 N. W. 654; Black, Interpretation of Laws, pp. 117, 118; Sedgw. Stat. Constr. 98; Lewis's Sutherland, Stat. Constr. § 275; Dwarris, Stat. 765; Deneen v. Unverzagt, 225 Ill. 378, 80 N. E. 321, 8 Ann. Cas. 396, and cases cited; Jersey City v. Hall, 79 N. J. L. 559, 76 Atl. 1058, Ann. Cas. 1912A, 696; 36 Cyc. 1088, and authorities; Lewis v. Cook County, 72 Ill. App. 151; State ex rel. St. Paul Gaslight Co. v. McCardy, 62 Minn. 509, 64 N. W. 1133; Crane v. Reeder, 22 Mich. 322; Woodworth v. Kalamazoo, 135 Mich. 233, 97 N. W. 714; Nelden v. Clark, 20 Utah, 382, 77 Am. St. Rep. 917, 59 Pac. 524; Fargo v. Ross, 11 N. D. 369, 92 N. W. 449; Schafer v. Schafer, 71 Neb. 708, 99 N. W. 482; Augusta Nat. Bank v. Beard, 100 Va. 687, 42 S. E. 694; State ex rel. Henderson v. Burdick, 4 Wyo. 272, 24 L.R.A. 266, 33 Pac. 125.

The repeal clause to an act adds no strength to the act itself. The fact of repeal must clearly appear from the subject-matter and from the language used. Hoyne v. Danisch, 264 Ill. 483, 106 N. E. 341.

A general appropriation bill merely suspends a continuing appropriation in case of conflict. Reed v. Houston, 12 Iowa, 35; Jeffreys v. Huston, 23 Idaho, 372, 129 Pac. 1065; United States v. Langston, 118 U. S. 389, 30 L. ed. 164, 6 Sup. Ct. Rep. 1185; Mernaugh v. Orlando, 41 Fla. 433, 27 So. 34; Brown v. Barry, 3 Dall. 365, 1 L. ed. 638; 36 Cyc. 1101.

*Henry J. Linde,* Attorney General, *Francis J. Murphy,* and *H. R. Bitzing,* Assistant Attorneys General for defendant.

Assuming that chapter 303 of the Session Laws of 1911, being the

law creating a nonpartisan tax commission, contains in itself a sufficient appropriation, the contention of the defendant is that any appropriation which might be so contained has been suspended by the general appropriation bill or the so-called budget bill of the 1915 general legislative assembly. Jeffreys v. Huston, 23 Idaho, 379, 129 Pac. 1065; State ex rel. Holcombe v. Burdick, 4 Wyo. 290, 33 Pac. 131; United States v. Fisher, 109 U. S. 146, 27 L. ed. 887, 3 Sup. Ct. Rep. 154; United States v. Mitchell, 149 U. S. 146, 27 L. ed. 887, 1 Sup. Ct. Rep. 157; Falk v. Huston, 25 Idaho, 26, 135 Pac. 746; United States v. Langston, 118 U. S. 389, 30 L. ed. 164, 6 Sup. Ct. Rep. 1185; Dunwoody v. United States, 143 U. S. 578, 36 L. ed. 269, 12 Sup. Ct. Rep. 465; Belknap v. United States, 150 U. S. 588, 37 L. ed. 1191, 14 Sup. Ct. Rep. 183.

The intention of the legislature as indicated and expressed by the budget bill of 1915 was to reduce the salaries of the tax commissioners. It is not to be presumed that the legislature only intended to appropriate part of that which they knew had been already appropriated. Mansfield v. Chambers, 26 Cal. App. 499, 147 Pac. 595; Belknap v. United States, 150 U. S. 588, 37 L. ed. 1191, 14 Sup. Ct. Rep. 183; Owen v. Beale, 145 Ala. 108, 39 So. 907; State ex rel. Jones v. Clausen, 78 Wash. 103, 138 Pac. 653.

BURKE, J.   Petitioner asks mandamus to compel the state auditor to issue salary warrants to the members of the state Tax Commission. The facts leading up to the controversy, briefly stated, are as follows: Chapter 303, Sess. Laws 1911, creates a permanent nonpartisan Tax Commission, defines its powers, and appropriates money for the maintenance thereof.   Section 2 of said chapter provides for the appointment by the governor, with the advice and consent of the senate, of three persons, the term of one of whom should expire on the first Monday in May, 1915; another whose term should expire May, 1917, and one whose term should expire May, 1919, and upon the expiration of the term of each of said persons a successor be named for a period of six years.   Section 5 provides that each of said commissioners shall receive an annual salary of $3,000 payable in the same manner as the salaries of other state officers are paid.   By chapter 318, Sess. Laws 1913, amendments were made to §§ 6, 7, and 8 of said chapter 303, Sess. Laws

1911, the object of the amendment being to specifically appropriate money for the payment of salaries and other expenses of said Tax Commission. The 1913 law, however, was vetoed. See State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A. (N.S.) 67, 142 N. W. 450.

With the legislation and litigation in this condition, the legislature of 1915 met. February 8, 1915, senate bill No. 261 was introduced under a title stating that its object was to amend and re-enact chapter 303, Sess. Laws 1911. The principal changes proposed were that a tax commissioner should be appointed by the governor by and with the advice and consent of the senate for a term of two years to begin on the 1st day of March in each odd-numbered year. This bill was finally passed in the senate, February 23, and was sent to the house, where it came to a vote and was finally defeated March 4, 1915, the last day but one of the session. In the meantime, there had been introduced the budget house bill No. 488 (now chapter 43, Sess. Laws 1915) entitled: "An Act to Appropriate Money for the Expenses of the Executive, Legislative, and Judicial departments of the state government, and for public schools, specifying the amount and time for which such appropriations shall be available, and repealing §§ 141, 155, 652, and 654, subdivision 9 of §§ 5146 and 5146a of the Compiled Laws of 1913, and all other acts and parts of acts in so far as the same relate to appropriations conflicting herewith, or to appropriations for the same matters or purposes provided for herein." This passed the House, February 24, 1915; was amended and passed in the senate, March 4, 1915, went to a conference committee and was finally passed by both the House and senate, March 5, the last day of the session. Subdivision 18 of said chapter 43, Sess. Laws 1915, reads:

"Tax Commission.

Salary, Tax Commissioner, . . . . $3,000 per annum. . . . . $6,000."

The state auditor, believing that no appropriation had been made for the salaries of two of the tax commissioners, refused to issue warrants therefor, but offers to issue salary warrant to one commissioner if said Commission designate which member shall receive the same.

(1) There is not much controversy between the parties, and their contention may be briefly stated as follows: Respondent concedes that under State ex rel. Birdzell v. Jorgenson, supra, an appropriation for

the salaries of the three commissioners was provided by chapter 303, Sess. Laws 1911, and that unless the section relating to the salaries has been repealed by the budget bill, chapter 43, Sess. Laws 1915, relators are entitled to the relief demanded. He insists that it was the legislative intent that the salary of two of the commissioners be repealed, and that one be paid, and that by implication, if not directly, all portions of chapter 303, Sess. Laws 1911, relating to salary were repealed. He relies particularly upon the language found at the beginning of said budget bill, wherein it says: "All other acts and parts of acts in so far as the same relate to appropriations conflicting herewith, or to appropriations for the same matters or purposes provided for herein," are hereby repealed.

We have reached a conclusion favorable to the relator, and we base our conclusion upon the following:

First, it is unreasonable to believe the legislature intended two of the commissioners to perform the duties of their office, enjoined upon them by law, without compensation, while the third, doing exactly the same work, should be paid.

Second, the budget bill nowhere specifically mentions the repeal of the salary of the tax commissioners.

Third, the budget bill does not mention the subject in its title, and it will be presumed that the legislature intended to enact only constitutional measures.

Fourth, at about the time of the introduction of the budget bill, senate bill No. 261 was introduced, affording the legislature ample opportunity to open and directly repeal the salary clauses which are now claimed to have been repealed indirectly.

Fifth, it is apparent that the defeat of senate bill No. 261 was followed so closely by the passage of the budget bill that no time was given for consideration of this item, and that it was voted for and passed by inadvertence.

Sixth, the budget bill does not purport to carry appropriations for all purposes, and an examination of the Session Laws of 1915 shows that from chapter 5 to chapter 50 something like forty other bills were enacted carrying appropriations: For instance, chapter 9, approved March 3, 1915, provides money for a field officer for the penitentiary, —salary $2,400. Chapter 21 appropriates salary for the state examiner,

approved March 3, 1915; chapter 27, approved March 2, appropriates money for the fish commissioner's salary,—$1,500; chapter 38 appropriates money for the public accountant; chapter 42, approved March 11, 1915, appropriates money for a high school inspector. If respondent's contention is correct, the budget bill, which was not approved until March 13th, would have repealed all those prior appropriations enacted but a few days earlier by the same legislature.

It is our conclusion that chapter 303, Sess. Laws 1911, is still in full force and effect, except as amended in 1913, as held in State ex rel. Birdzell v. Jorgenson. Section 5 of said chapter provides that "each of said commissioners shall receive an annual salary of $3,000, payable in the same manner as the salaries of other state officers are paid;" that the legislature of 1915 neither directly nor indirectly effected a repeal of this subdivision, and it is as much the law now as the provisions of the budget bill. That the subdivision of the budget bill relied upon by respondent, appropriating money for one tax commissioner, was enacted through an inadvertence and is a nullity.

It follows that it is the duty of the respondent to issue the warrants for the salaries aforesaid. It is so ordered.

BRUCE, J., being disqualified, did not participate, HONORABLE W. L. NUESSLE, Judge of Sixth Judicial District, sitting in his stead.

