## STATE OF NORTH DAKOTA EX REL. GEO. E. WALLACE, F. E. Packard, H. H. Steele, Members of the North Dakota Tax Commission, v. CARL O. JORGENSON, as State Auditor.

(159 N. W. 35.)

**Mandamus — original proceedings — state auditor — appropriations — tax commission — unexpended balance — contemplated allowance — law — one-man tax commission — legislature.**

1. Original mandamus proceedings to compel state auditor to credit certain alleged appropriations claimed by the tax commission to be standing appropriations for its use under chap. 303, Session Laws 1911, and for an alleged unexpended balance of appropriations. The auditor's return discloses that he has credited the commission with all the appropriations provided for it by the 1915 legislature. The commission claims that the 1915 appropriation is invalid because alleged to have been enacted as contemplated allowances for a one-man tax commission, which the legislature assumed would be enacted by senate bill 261, failing of passage in the closing days of the last legislature.

**General appropriation — bill — salaries — tax commissioners — validity of law.**

2. The first item of subdivision 18 of said chap. 43, Sess. Laws 1915, the general appropriation bill, has been so held void in State ex rel. Packard v. Jorgenson, 31 N. D. 563, for failing to appropriate for salaries for the tax commissioners. The validity of the balance of the subdivision, being appropriations for eleven specific classifications of expense, is the issue involved here.

*Held,* The last eleven items of said subdivision 18 are valid appropriations, and were not passed under misapprehension or by legislative inadvertence.

Sections 6 and 7 of chapter 303 of the Session Laws 1911, did not constitute an appropriation for the tax commission of more than $6,000 per annum, for all the items therein included.

Appropriations — form   of — balance — continuing   appropriation — commission — biennial period.

   3. The form of the appropriations made under chap. 303, Sess. Laws 1911, was such as to leave no unexpended balance of appropriations remaining over as a continuing appropriation for the use of the commission, in the event that such sums were not all expended during such biennial period.

State auditor — validity of law — appropriation — unexpended balance — commission not entitled to.

   4. The state auditor's contention as to both the validity of subdivision 18, and that there is no unexpended balance from the preceding biennial period to which commission is entitled to credit, is sustained. This proceeding is dismissed without costs.

Opinion filed July 26, 1916.

   An original proceeding.
   *Geo. E. Wallace* and *F. E. Packard,* for petitioners.
   Where the prerogatives, rights, and franchises of the state government are here directly involved, the supreme court has original jurisdiction.   State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A. (N.S.) 67, 142 N. W. 450.
   "If a statute is valid, it is to have effect according to the purpose and intent of the lawmaker.   The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent."   2 Lewis's Sutherland, Stat. Constr. 2d ed. § 63.
   "By the construction of a statute is meant the process of ascertaining its true meaning and application.   For this purpose resort may be had not only to the language and arrangement of the statute, but also to the intention of the legislature, the object to be secured, and to such extrinsic matters as the circumstances attending its passage, the sense in which it was understood by contemporaries, and its relation to other laws."   36 Cyc. 1102; Power v. Hamilton, 22 N. D. 177, 132 N. W. 664; Howlett v. Cheetham, 17 Wash. 626, 50 Pac. 523.
   Section 303 of the 1911 Laws has not been repealed.   Repeals by implication are not favored, and will not be indulged in unless it is manifest that the legislature so intended.   Reeves v. Bruening, 16 N. D. 398, 114 N. W. 313; 26 Am. & Eng. Enc. Law, 721, and cases cited; 2 Current Law, 1734, 1736, and recent authorities cited; 36

Cyc. 1087; Birmingham v. Southern Exp. Co. 164 Ala. 529, 51 So. 159; State ex rel. Metcalf v. Baker, 114 Minn. 209, 130 N. W. 999; Wilson v. Edwards County, 85 Kan. 422, 116 Pac. 614; Greenbush Cemetery Asso. v. Van Natta, 49 Ind. App. 192, 94 N. E. 899; Lewis's Sutherland, Stat. Constr. 2d ed. 247, and note.

Such repeals are avoided if possible. State v. Young, 17 Kan. 414; Minot v. Amundson, 22 N. D. 239, 133 N. W. 551; Hoyne v. Danisch, 264 Ill. 483, 106 N. E. 341; People ex rel. Hinch v. Harrison, 185 Ill. 307, 56 N. E. 1120; People ex rel. Kelly v. Raymond, 186 Ill. 407, 57 N. E. 1066; Galpin v. Chicago, 249 Ill. 554, 94 N. E. 961; Cruse v. Aden, 127 Ill. 231, 3 L.R.A. 327, 20 N. E. 73; People ex rel. Akin v. Kipley, 171 Ill. 44, 41 L.R.A. 775, 49 N. E. 229; Hogan v. Akin, 181 Ill. 448, 55 N. E. 137; Krome v. Halbert, 263 Ill. 172, 104 N. E. 1066; People ex rel. Redman v. Wren, 5 Ill. 269; Bryan v. Buckmaster, Breese, (Ill.) 22, Appx.; People ex rel. Krause v. Harrison, 191 Ill. 257, 61 N. E. 99; Cleveland, C. C. & St. L. R. Co. v. Blind, 182 Ind. 398, 105 N. E. 483; Indiana State Dig. V. b; Carver v. Smith, 90 Ind. 222, 46 Am. Rep. 210; Jeffersonville, M. & I. R. Co. v. Dunlap, 112 Ind. 93, 13 N. E. 403; Hay v. Baraboo, 127 Wis. 1, 3 L.R.A.(N.S.) 84, 115 Am. St. Rep. 977, 105 N. W. 654; Black, Constr. & Interpretation of Laws, pp. 117, 118; Sedgw. Stat. & Const. Law, 98; Deneen v. Unverzagt, 225 Ill. 378, 80 N. E. 321, 8 Ann. Cas. 396, and cases cited; Jersey City v. Hall, 79 N. J. L. 559, 76 Atl. 1058, Ann. Cas. 1912A, 696; 36 Cyc. 1088, and authorities; Lewis v. Cook County, 72 Ill. App. 151; State ex rel. St. Paul Gaslight Co. v. McCardy, 62 Minn. 509, 64 N. W. 1133; Lewis's Sutherland, Stat. Constr. 2d ed. §§ 267, 275, citing Dwarris, Stat. 765; Crane v. Reeder, 22 Mich. 322; Woodworth v. Kalamazoo, 135 Mich. 233, 97 N. W. 714; Nelden v. Clark, 20 Utah, 382, 77 Am. St. Rep. 917, 59 Pac. 524; Fargo v. Ross, 11 N. D. 369, 92 N. W. 449; Schafer v. Schafer, 71 Neb. 708, 99 N. W. 482; Augusta Nat. Bank v. Beard, 100 Va. 687, 42 S. E. 694; State ex rel. Henderson v. Burdick, 4 Wyo. 272, 24 L.R.A. 266, 33 Pac. 127.

A general appropriation bill merely suspends a continuing appropriation, in case of conflict. Jeffreys v. Huston, 23 Idaho, 372, 129 Pac. 1065; United States v. Langston, 118 U. S. 389, 30 L. ed. 164,

34 N. D.—34.

6 Sup. Ct. Rep. 1185; Mernaugh v. Orlando, 41 Fla. 433, 27 So. 34; Brown v. Barry, 3 Dall. 365, 1 L. ed. 638; 36 Cyc. 1101.

In the absence of constitutional prohibition, the legislature may make continuing appropriations, that is, the payment of which is to be continued beyond the term or session of the legislature by which they were made. 37 Cyc. 894; Re Continuing Appropriations, 18 Colo. 192, 32 Pac. 272; Carr v. State, 127 Ind. 204, 11 L.R.A. 370, 22 Am. St. Rep. 624, 26 N. E. 778; People ex rel. McCullough v. Pacheco, 27 Cal. 176; Stratton v. Green, 45 Cal. 149; State ex rel. McDonald v. Holmes, 19 N. D. 286, 123 N. W. 884.

The term "specific" as used by the courts means nothing more nor less than the setting apart of a definite amount for a definite purpose. State ex rel. Packard v. Jorgenson, 31 N. D. 563, 154 N. W. 525.

*Henry J. Linde,* Attorney General, *Francis J. Murphy* and *H. R. Bitzing,* Assistant Attorneys General, for respondent.

The mere fixing of the amount of compensation to be paid and directing the time and manner of payment is not in itself a valid appropriation. Const. § 186; Redding v. Bell, 4 Cal. 333; Myers v. English, 9 Cal. 341; Stratton v. Green, 45 Cal. 149; Baggett v. Dunn, 69 Cal. 75, 10 Pac. 125; State ex rel. Blackford v. Kenney, 10 Mont. 496, 26 Pac. 388; Goodykoontz v. Acker, 19 Colo. 360, 35 Pac. 911; Shattuck v. Kincaid, 31 Or. 379, 49 Pac. 758; State ex rel. Buchanan v. State Treasurer, 68 S. C. 411, 47 S. E. 683; Menefee v. Askew, 25 Okla. 623, 27 L.R.A.(N.S.) 537, 107 Pac. 159; Leddy v. Cornell, 52 Colo. 189, 38 L.R.A.(N.S.) 918, 120 Pac. 153, Ann. Cas. 1913C, 1304; McPherson v. Houston, 24 Idaho, 21, 132 Pac. 107; Mansfield v. Chambers, 26 Cal. App. 499, 147 Pac. 595.

Under this constitutional provision the salary or compensation of the officers named therein only is beyond the power of the legislature to increase or reduce during the term for which they may be elected. Thomas v. Owens, 4 Md. 189; State ex rel. Roberts v. Weston, 4 Neb. 216; State ex rel. Rotwitt v. Hickman, 9 Mont. 370, 8 L.R.A. 403, 23 Pac. 740; State ex rel. Buck v. Hickman, 10 Mont. 497, 26 Pac. 386; State ex rel. Henderson v. Burdick, 4 Wyo. 272, 24 L.R.A. 266, 33 Pac. 125; People ex rel. Hegwer v. Goodykoontz, 22 Colo. 507, 45 Pac. 414; White v. Huston, 25 Idaho, 170, 136 Pac. 214; State ex rel. Fornoff v. Sargent, 18 N. M. 272, 136 Pac. 602; State ex rel. Chavez

v. Sargent, 18 N. M. 627, 139 Pac. 144; Dorman v. Sargent, 20 N. M. 413, 150 Pac. 1021.

Under § 186 of the Constitution no particular appropriation or set form of words is requisite or necessary to accomplish this purpose, but the clear intent to set aside a specified sum of money must appear in the language used in the statute. State ex rel. Wade v. Kenney, 10 Mont. 485, 26 Pac. 197; Terrell v. Sparks, 104 Tex. 191, 135 S. W. 519; Gilbert v. Moody, 3 Idaho, 3, 25 Pac. 1092; State ex rel. Brainerd v. Grimes, 7 Wash. 191, 34 Pac. 833; Humbert v. Dunn, 84 Cal. 57, 24 Pac. 111; Proll v. Dunn, 80 Cal. 220, 22 Pac. 143; People ex rel. McCauley v. Brooks, 16 Cal. 24; State v. Bordelon, 6 La. Ann. 68.

The original Tax Commission Act does not constitute an appropriation. State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A. (N.S.) 67, 142 N. W. 450; McPherson v. Huston, 24 Idaho, 21, 132 Pac. 107.

Section 654 of the Compiled Laws of 1913 was expressly repealed by chapter 43 of the Laws of 1915 and removes all of the reasons or grounds upon which the Birdzell Case stood. Nichols v. The Comptroller, 4 Stew. & P. (Ala.) 154; Reynolds v. Taylor, 43 Ala. 420 (1864); Carr v. State, 127 Ind. 204, 11 L.R.A. 370, 22 Am. St. Rep. 624, 26 N. E. 778; Myers v. English, 9 Cal. 341; Pickle v. Finley, 91 Tex. 484, 44 S. W. 480; Shattuck v. Kincaid, 31 Or. 379, 49 Pac. 758; Kingsbury v. Anderson, 5 Idaho, 771, 51 Pac. 744; State ex rel. Keith v. Westerfield, 23 Nev. 468, 49 Pac. 119; State ex rel. Davis v. Eggers, 29 Nev. 469, 16 L.R.A.(N.S.) 630, 91 Pac. 819; State ex rel. Norcross v. Eggers, 35 Nev. 250, 128 Pac. 987.

Where the salary or compensation is fixed by statute, and the language fixing such salary or compensation is coupled with the words "he shall receive," or other similar language, or is coupled with the expression that the "salary shall be payable in the same manner that the salary of other state officers is paid," and other state officers being paid monthly upon warrant of the state auditor, then such statutory provision might be construed as an appropriation. State ex rel. Brown v. Weston, 6 Neb. 16; Martin v. Francis, 13 Kan. 220; People ex rel. Richardson v. Spruance, 8 Colo. 530, 9 Pac. 628; State ex rel. Journal Pub. Co. v. Kenney, 9 Mont. 389, 24 Pac. 96; Kingsbury v. Anderson,

5 Idaho, 771, 51 Pac. 744; Pickle v. Finley, 91 Tex. 484, 44 S. W. 480; Prime v. McCarthy, 92 Iowa, 569, 61 N. W. 220.

"No bill shall embrace more than one subject, which shall be expressed in its title, but a bill which violates this provision shall be invalidated thereby only as to so much thereto as shall not be so expressed." Const. § 61; State ex rel. McDonald v. Holmes, 19 N. D. 286, 123 N. W. 884; Mathews v. People, 202 Ill. 389, 63 L.R.A. 73, 95 Am. St. Rep. 241, 67 N. E. 28; People v. Joyce, 246 Ill. 124, 92 N. E. 607, 20 Ann. Cas. 472; Re Appropriation Bill, 14 Fla. 283; State ex rel. Hibbard v. Cornell, 60 Neb. 276, 83 N. W. 72; Merrill v. State, 65 Neb. 509, 91 N. W. 418; Prewitt v. Prewitt, 56 Colo. 174, 139 Pac. 1; People ex rel. Richardson v. Spruance, 8 Colo. 530, 9 Pac. 628; State ex rel. Delgado v. Sargent, 18 N. M. 131, 134 Pac. 218; Fergus v. Russel, 270 Ill. 304, 110 N. E. 130, Ann. Cas. 1916B, 1120.

The unity of the subject of an appropriation bill is not broken by appropriating several sums for several specific objects which were necessary or convenient to the accomplishment of one general design. State v. Sloan, 66 Ark. 575, 74 Am. St. Rep. 106, 53 S. W. 47; State ex rel. Lucero v. Marron, 17 N. M. 304, 128 Pac. 485.

Goss, J. This is the third chapter in litigation involving appropriations for the state tax commission. For the first see State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A.(N.S.) 67, 142 N. W. 450; for the second, see State ex rel. Packard v. Jorgenson, 31 N. D. 563, 154 N. W. 525. And this original proceeding, the third of the kind, involves the question of whether subdivision 18 of chap. 43 of the Session Laws of 1915, exclusive of the first item of said subdivision 18, is an appropriation for such purposes or instead invalid because passed under a misapprehension or by inadvertence.

In 31 N. D. 563, passing upon the first item of said subdivision 18, consisting of the words, "salary tax commissioner, $3,000 per annum, $6,000," it was held that this item of said subdivision 18 of the general appropriation bill was void because passed as a provision for the salary of a tax commission composed of only one tax commissioner, instead of three, and which inadvertence arose from the fact that, as set forth in 31 N. D. 563, a bill for the substitution of a one-man tax commission for the three-member commission was on its way through the legislature and had passed the Senate when the general appropriation bill

during the closing days of the legislature was passed under the expectation that the one-man commissioner bill would become a law, and that therefore subdivision 18, so far as the appropriation for the salary of a tax commissioner, contemplated and was an appropriation by inadvertence, and not for a salary or the salaries of the three-member tax commission. The payment of the salaries of the tax commission was not therefore prevented by this item of the last general appropriation one.

The question now arises, on the writ and return thereto, as to whether the other items of subdivision 18 and specific appropriation therein are valid, or on the contrary they, like the first item of said subdivision, are merely the result of inadvertence, and, as such are but purported and contemplated appropriations for a one-man commission, void. If so, as claimed by the relator, the only appropriation standing to support this commission would be those provided in the act creating the tax commission, chap. 303, Sess. Laws 1911, as interpreted and declared in the first case, State ex rel. Birdzell v. Jorgenson, supra, and which in the second case, 31 N. D. 563, was held to be continuing appropriations for salaries of the tax commissioners. The questions here presented were not, however, there determined. Subdivision 18 reads:

### Tax Commission.

| | | | |
|---|---|---|---:|
| Salary, Tax commissioner | $3,000 | per annum | $6,000.00 |
| Secretary | 2,400 | per annum | 4,800.00 |
| Clerkhire and assistants | | | 8,000.00 |
| Postage | | | 805.00 |
| Office supplies | | | 500.00 |
| Furniture and fixtures | | | 500.00 |
| Traveling expenses | | | 2,220.00 |
| Printing | | | 500.00 |
| Miscellaneous | | | |
|     Telephone | | | 200.00 |
|     Telegrams | | | 25.00 |
|     Freight and express | | | 50.00 |
|     Dues and fees | | | 200.00 |
| | | Total | $23,800.00 |

The first item or line is a nullity, 31 N. D. 563. Was the balance enacted under the same misapprehension and necessarily legislative inadvertence, or is it, as it purports to be, a valid appropriation by items? If the latter, the writ must be denied. If invalid, the writ must issue.

The matter must be determined from the measure itself in the light of known surrounding facts and circumstances confronting the legislature, and of which judicial notice may be taken. It is noticeable that the legislation under attack specifies with particularity the items and purposes, pursuant to a similar intent declared in the general budget or appropriation bill. The act itself, Sec. 1, provides that "the sums hereinafter named only, or so much thereof as may be necessary, are hereby appropriated from any moneys in the state treasury not otherwise appropriated, *for the purposes specified in the following sections of this act.*" Again, § 2 provides: "Unless otherwise specifically stated, the appropriations hereby made shall be available for the expenses to be incurred in and about *the several purposes herein set out,* during the fiscal period of two years, beginning July 1st, 1915, and ending July 1st, 1917." But are the purposes specified in subdivision 18 those for a contemplated one-man tax commission or those for our tax commission of three members? It must appear beyond cavil that subdivision 18 as a whole was a provision for a one-man tax commission, before these appropriations by items thereof can be declared void. If it can be said that the legislature was providing for either form of commission, contemplating that the items of expense enumerated in the subdivision would be the same under either a one or three-man commission, then it cannot be said with sufficient certainty that the legislature did not contemplate that the items should stand as its appropriation for the present or three-man commission; in which event the appropriation must be considered valid as a provision for the present commission.

Scrutinizing the items, it is noticeable that the same salary for the secretary is allowed in subdivision 18 as was provided by the prior statute, and so far as that item is concerned, there is a fair inference that it was placed therein in recognition of and provision for the office created by prior law. In other words, it can be considered a specific appropriation to take care of what was held to be a salary in State

ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A.(N.S.) 67, 142 N. W. 450.

It is a well-known fact that the present efficient state auditor had prepared pursuant to § 710, Comp. Laws 1913, for the benefit of the appropriation committees of and the legislature itself a budget of appropriations requested for and by state offices and state departments, and which tabulated statement as a basis for a general appropriation bill was substantially embodied in, and became the substance of the state budget bill, § 18 of which is under consideration.

The relator on argument has made use of this tabulated statement. It is an official record prepared and furnished pursuant to the requirements of §§ 708–10, Comp. Laws 1913, the data therein having been furnished by the various state departments to the state auditor, under said statutes: Judicial notice of it can therefore be taken. Therefrom it is ascertained that in the estimate of the present tax commission as to its probable expense for the future biennial period specifying items of contemplated expense with particularity, that this commission made its estimate of its necessities for clerk hire and assistants for said period from July 1, 1915, to July 1, 1917, as a basis for the second item of subdivision 18 as follows:

For "One chief clerk ..........................$1200
     Stenographer ........................... 1080
     Stenographers .......................... 900
     Bill clerk and librarian .................. 780," annually,

or an estimate of annual expense for such specific purposes covered in subdivision 18 as "clerk hire and assistants," of $3,960, or $7,920 for the biennial period, and for which, evidently closely following the advice of the tax commission (not a one-man commission, but a three-man commission), the legislature appropriated for said items more than was asked, or $8,000. This, like the appropriation for the secretary, is strongly significant of care and attention by the legislature to the needs of a three-man commission, and negatives any argument of inadvertence in making such items of appropriation. But stronger proof still appears from the same tabulated request of this commission.

The next item of subdivision 18 is "postage, $805." Turning to

the estimate in the tabulated statement, or request of the commission of the legislature for such purpose is found a request for an appropriation for postage of exactly $805 in one item. This certain amount was not fixed under any misapprehension. For the next item of subdivision 18, that of "office supplies, $500" there is found a request in the statement of requested appropriations for $500 for such purposes.

Again strongly significant of a careful consideration of the necessities of a three-man commission as to both items of postage and office supplies, the commission was given to the dollar exactly what it requested for such purposes. And the same is true of the item of subdivision 18 of "printing, $500." Exactly that amount was asked by it. Nor is that all. Subdivision 18 contains an appropriation under heading of "miscellaneous" for "telephone, $200," "telegrams, $25," "freight and express, $50," "dues and fees, $200," and each particular item as so stated and itemized is likewise set forth in the budget under the same heading "miscellaneous." This leaves but two items of the entire subdivision 18 (exclusive of that of "salary of tax commissioner"), not granted in the exact amounts requested by this commission, as official records conclusively establish. In other words, the legislature in nine instances, including the provision for salary of the secretary of the board, in making the appropriation in subdivision 18, granted to the dollar the request of the present three-man tax commission, and in only two items out of eleven was any change made from what was requested, and those in the items of furniture and fixtures and traveling expense. For the former an appropriation of $500 was made in lieu of $1,200 requested.

When the fact is considered that the commission was organized, established, and had been doing business for years, it would seem that the legislature might very properly deem it the part of wisdom to grant $500 for such purpose instead of $1,200 as asked. And the same is true as to the $4,000 item requested for traveling expense, for which instead $2,220 was appropriated in subdivision 18. From the fact that this item appropriated is not in a round sum, as $2,000 or $2,500, it would not be speculation to assume that some calculation was made and care used in arriving at the certain sum of $2,220 appropriated. The total request was for but $2,320 more than was granted for the biennial period. There was allowed this commission within

$1,160 per year of all it requested. Few departments of state were treated as well by that legislature. Over $5,000 was cut from appropriations desired for the use of this court and the State Law Library. Under these circumstances and actuating facts, should any court hold that these eleven items of subdivision 18 were inadvertently passed as an appropriation for such expenses of a commission other than this tax commission? And this too when the amounts fixed in nine out of eleven of said items are exactly what was requested by the present commission? Manifestly not. The contrary is conclusively demonstrated to be the fact, almost beyond a reasonable doubt.

And reference to senate bill No. 261 confirms still further this conclusion. It made no provision for such an official as a "secretary," so designated, in and for whose salary subdivision 18 makes a specific provision. Instead, senate bill 261 provided for a *deputy commissioner*. The legislature had no reference to a deputy commissioner by the word secretary in the appropriation bill. Instead, it must have had reference to the existing order of things. Had it been legislating with reference to senate bill 261, it would not have provided for the salary of a secretary, but a deputy commissioner, as it did in kindred subdivisions, such as 16 and 17 of said act. And reference to the many subdivisions in chapter 43 shows the words "secretary" and "deputy" are used accurately and advisedly throughout the whole appropriation bill. It was so in this instance. It is an appropriation for the present tax commission.

If it be assumed, as was held in State ex rel. Packard v. Jorgenson, 31 N. D. 563, 154 N. W. 525, that the provision for salary of a tax commission at $3,000 per annum was placed in subdivision 18 under the supposition that the bill creating a one-man tax commission was or would become the law, still the only assumption so far as the rest of the items of subdivision 18 are concerned must be that the legislature nevertheless assumed that the same expense otherwise would be needed and incurred by a one-man as by a three-man tax commission, and appropriated accordingly. The effect, whatever the reason, would be the same as held in 31 N. D. 563, and resort must be had to the continuing appropriation for the salary of the tax commissioners, inasmuch as they were unprovided for. With said exception subdivision 18 is a valid appropriation, according to its terms, for the items therein

enumerated. And this being the case, § 4 of this general budget bill operates as an implied repeal of all the appropriations contained in chap. 303 of the Session Laws of 1911, excepting only that providing for and constituting an appropriation for the salaries of the three members of the tax commission. All other appropriations contained in said act were impliedly repealed when chap. 43, Sess. Law 1915, became effective. No stronger language to work an implied repeal could scarcely be framed. It expressly repeals certain sections enumerated and provides that "And all other acts and parts of acts in so far as the same relate to appropriations . . . for the same *matters or purposes provided for* herein are hereby repealed. It is the intent hereby to enact an *exclusive* general appropriation bill and to repeal each and every act and all parts of acts now existing which appropriate, or purport to appropriate money for any of the *offices, officers, purposes and things* set out in § 3 thereof in so far as the same conflicts therewith *or relate to appropriations for the same matters or purposes provided for therein."* Certainly the legislature left nothing unsaid in this repealing portion of the statute. It is difficult to see how it could be strengthened. While implied repeals are not favored, this is clearly one if there can be any implied repeal, as to all such items of appropriations existing prior to the passage of this act, except solely as to the salaries of the tax commissioners.

One other argument of the relators needs mention. It is contended that inasmuch as on July 1st, 1915, the tax commission had not spent within $8,104.93 of the full amount it could have disbursed, had it necessarily been obliged to do so in performing its duties as a commission, that in contemplation of law there remained on July 1st, 1915, an *"unexpected balance"* of that amount, $8,104.93 of an appropriation; and that the action of the auditor in canceling on his books the entry showing that amount of unexpended state moneys liable to disbursement by the tax commission during the biennial period expiring on July 1st, 1915, was unauthorized, and in effect was a revocation of a standing, specific appropriation for a specific amount. In brief it contends that in any event it should have this amount now set aside for its use, inasmuch as it was not spent during the last biennial period, expiring July 1st, 1915. This contention cannot be sustained. Under the files in this case it appears that the state auditor, in making the credits on his

books under the system of bookkeeping in vogue in his office, attempted to and supposed he was acting under and following the opinion of this court in the first case, that of State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A.(N.S.) 67, 142 N. W. 450. Certain portions of said opinion might lead to the conclusion that the appropriation of "not to exceed $6,000 per annum," mentioned in § 7 of the act as "compensation of such secretary, clerk, stenographers, and experts employed by them," was not inclusive of the provision in § 6 of the act, wherein it is stated that the board "shall thereupon organize by electing a secretary who shall receive a salary of not more than $2,400 per annum." It appears that the state auditor construed the opinion in 25 N. D. 539, as though it directed an allowance of $8,400 per annum, instead of $6,000, for the items enumerated in §§ 6 and 7 of the act, now §§ 2085, 2086, Comp. Laws 1913. And there is language in that opinion which might warrant that construction. But on reconsideration we hold that both sections taken together did not constitute an annual appropriation in excess of $6,000. To that extent that decision is modified by this.

Correction of this error would reduce the so-called unexpended balance $4,800 for the biennial period, leaving at most what is termed as an unexpended balance of only $3,304.93. But further reference to the appropriations credited under said decision discloses that $6,000 so allowed and created under § 14 of the original act, now § 2092, Comp. Laws 1913, cannot be considered as a definite and explicit legislative appropriation of that specific amount, because under the terms of the statute the appropriation is an annual one in "the sum of $3,-000 or as much thereof as may be needed." As it was not needed and not used at the expiration of the biennial period, and when the appropriations provided by the general budget bill, chap. 43, Sess. Laws, 1915, became effective, supplanting these prior appropriations, the authority to disburse state moneys under the prior legislative sanction ceased. In fact and in law, where appropriations are made for an amount stated, "or so much thereof as may be needed," there can be, strictly speaking, no unexpended balance of an appropriation, as only the amount needed and used can be considered appropriated.

Counsel for petitioners in their brief contend that this court, in 31 N. D. 563, held subdivision 18 to be void in its entirety. That ques-

tion was not in issue there. There is language, inadvertently used, to that effect in that opinion, but only the first item of subdivision 18 was there under consideration, and was the only part of said subdivision passed upon.

In conclusion the provisions of subdivision 18 of chap. 43, Sess. Laws 1915, contain the appropriation for the tax commission for the biennial period specified, excepting solely for salaries of the three members of the tax commission, the salaries for whom are provided for by § 5 of chap. 303, Sess. Laws 1911, now § 2084, Comp. Laws 1913. Hence, the state auditor is authorized to disburse, as the expenses of the tax commission for said biennial period, $18,000 for salaries of said commissioners for said period, and not more than $17,800 under appropriations made under subdivision 18 of chap. 43, Sess. Laws 1915, by the last eleven items thereof, one of which items is for the salary of the secretary for said commission. This makes in effect a total biennial appropriation of $35,800 for such purposes. To this the tax commission is limited, and the auditor also, in disbursements.

The writ must be denied, the contention of the auditor being in all things upheld. No costs will be taxed, inasmuch as no private interests are involved. The proceeding is dismissed.