# STATE OF NORTH DAKOTA EX REL. JOSEPH COGHLAN,
as Supreme Court Reporter, for North Dakota, Respondent Relator, v. D. C. POINDEXTER, as State Auditor of North Dakota, R. A. Nestos, S. A. Olsness, S. Johnson, John Steen, Gilbert Semingson, and D. C. Poindexter, as Members of the Auditing Board of North Dakota, Appellants.

(190 N. W. 818.)

**Statutes — law fixing salary of supreme court reporter held not repealed by general legislative bill prescribing smaller amount — repeals by implication not favored.**

For reasons stated in the opinion it is *held* that § 8, chapter 211, Laws 1919, was not repealed by chapter 7, Laws 1921.

Opinion filed November 22, 1922.

Reports, 34 Cyc. p. 1618 n. 94. Statutes, 36 Cyc. p. 1071 n. 25; p. 1072 n. 26; p. 1135 n. 11.

Appeal from the District Court of Burleigh County, *Nuessle,* J.
Defendant appeals.

*Sveinbjorn Johnson,* Attorney General, and *Charles Simon,* Assistant Attorney General, for appellant.

"If any language be employed in the repealing statute which evidences an intention on the part of the legislature to abolish or extinguish the penalties provided by or incurred under the statute repealed, such intention will prevail, notwithstanding the saving clause statute, because one legislature has no power to limit or control a succeeding one in the exercise of its constitutional functions." Wilson v. People, 85 Pac. 187.

"If any presumptions are to be made they must be made in favor of the act, and not against it." State ex rel. Birdzell v. Jorgenson, State Auditor, 25 N. D. 539; United States v. Carling, 97 U. S. 546, 24 L. ed. 1082.

"If they are irreconcilable, and so inconsistent that they cannot stand together, the last repeals the first." Austin v. State, 135 S. W. 1167; State v. Walbridge, 119 Mo. 383, 41 Am. St. Rep. 663; Rawls v. Doe, 23 Ala. 240, 58 Am. Dec. 289; Edgar v. Greer, 8 Ia. 394, 74 Am. Dec. 316.

We particularly desire to call the court's decision to the following cases: Covington G. Belknap v. United States, 150 U. S. 588, 37 L. ed. 1191; Riggs v. Brewer, 64 Ala. 282; Collins v. State, 3 S. D. 18; United States v. Mitchell, 109 U. S. 146; Somers v. State, 5 S. D. 321; Owen v. Beale, 145 Ala. 108.

*Joseph Coghlan,* for respondent.

The leading case on this question in the United States and one which has been consistently followed since 1886 by the Supreme Court of the United States and by most of the states where this particular question has arisen is the case of United States v. Langston, 118 U. S. 389, 30 L. ed. 164. Quoting from the opinion: "Repeals by implication are not favored. It cannot be said that there is a positive repugnancy between the old and the new statutes in question. If by any reasonable construction they can be made to stand together our duty is to give effect to the provisions of each." Chew Heong v. United States, 112 U. S. 549, 28 L. ed. 773; State v. Stoll, 17 Wall. 425, 430, 21 L. ed. 650; Ex parte Yerger, 8 Wall. 85, 105, 19 L. ed. 332, 339; Ex parte Crow Dog, 109 U. S. 556, 579, 27 L. ed. 1030, 1035.

All the cases concerning the question of salaries and insufficient appropriations therefor which have been passed upon by the United States Supreme Court since the Langston Case have consistently followed the same. United States v. Vulte, 58 L. ed. 1071; Archibald v. United States, 218 Fed. 272.

Failure on the part of Congress to appropriate sufficient money was not necessarily a reduction of an officer's salary. Texas v. Steele, 57 Tex. 200.

PER CURIAM. In 1919 the legislature provided for the appointment by the supreme court of an officer to be known as the supreme court reporter, state law librarian and legislative librarian, prescribed his duties and fixed his compensation, and made appropriation for the payment thereof. Laws 1919, chap. 211. The act provided that such officer should receive an annual salary of $2,500, § 8, chap. 211, supra. Chap. 211, Laws 1919, has never been amended nor have any of its provisions been expressly repealed. In the general appropriation bill enacted by the legislature in 1921, the salary of the supreme court reporter was given as $2,000 per annum, or rather that sum, or $4,000

for the biennium, was appropriated. The question in controversy is whether the provision in the appropriation bill of 1921 operated as an implied repeal or amendment of § 8 of chapter 211, 1919 Laws, and changed the salary of the supreme court reporter from $2,500 to $2,000 per year. The state auditor proceeded upon the theory that § 8, Chapter 211, Laws 1919, was repealed and drew salary warrants in favor of the supreme court reporter on the basis of a $2,000 annual salary and refused to draw warrants on the basis of $2,500 per year. The reporter thereupon brought a proceeding in mandamus in the district court of Burleigh county to compel the state auditor to issue warrants for the greater amount. The contention of the reporter was sustained by the trial court. That is, the trial court ruled that chapter 211, Laws 1919, fixing the salary of the supreme court reporter at $2,500 per annum, was not repealed by implication by the Appropriation Act of 1921. The only question presented and argued on this appeal is whether the conclusion so reached by the trial court is correct. Hence, that is the only question we shall discuss.

In our opinion the district court was correct in holding that § 8, chapter 211, Laws 1919, was not repealed by the general appropriation bill of 1921. We think that result follows from an application to the facts here of the rule laid down in State ex rel. Birdzell v. Jorgenson, 25 N. D. 539, 49 L.R.A.(N.S.) 67, 142 N. W. 450. In that case this court ruled that where an act creating an office provides that the incumbent of the office created shall receive a certain salary fixed by the act that this constitutes not only a legislative declaration as to the amount of the salary to be paid but, also, an appropriation of the amount so fixed. The rule thus announced has never been departed from and has been adhered to in subsequent decisions. See State ex rel. Packard v. Jorgenson, 31 N. D. 563, 154 N. W. 525; State ex rel. Wallace v. Jorgenson, 34 N. D. 527, 159 N. W. 35.

Repeals by implication are not favored. "It is a reasonable presumption that all laws are passed with a knowledge of those already existing, and that the legislature does not intend to repeal a statute without so declaring." Lewis's Sutherland Stat. Constr. 2d ed. § 267.

Under our Constitution no bill may embrace more than one subject, and such subject must be expressed in the title. N. D. Const. § 61. And the general appropriation bill can "embrace nothing but appro-

priations for the expense of the executive, legislative, and judicial departments of the state, interest on the public debt, and for public schools." N. D. Const. § 62. In view of these constitutional provisions it does not seem likely that the legislature could have intended to utilize the general appropriation bill as an act to change salaries of state officers, or to repeal existing laws on that subject. Indeed the attorney general in an opinion rendered to a legislative committee in 1915, in effect, ruled that the general appropriation bill might not be used for the purpose of repealing existing laws, but that such repeal should be accomplished by an act or acts enacted for that specific purpose. Report of Attorney General 1915–1916, pp. 36, 37.

The judgment appealed from is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, and BRONSON, JJ., concur.

GRACE, J., did not participate.

ROBINSON, J. (dissenting). Chapter 211, Laws of 1919, provided for the appointment of a Court Reporter and Law Librarian, fixing the salary at $2,500 a year and making an appropriation of $3,000. At the last session the Legislature appropriated for the Reporter only $2,000. Now the Reporter brings mandamus to compel the Auditor to give him vouchers at the rate of $2,500.

Under the statute mandamus does not lie against the Auditor only to compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station, § 8457. But the law does not specifically enjoin the Auditor to give vouchers in excess of appropriations. Our District Judges go entirely beyond their jurisdiction when they assume to direct and manage the executive department of the State.