[File No. 6441.]

JOHN ALBERT HAGSTROM, Appellant, v. ESTHERVILLE SCHOOL DISTRICT No. 43 in Burleigh County, North Dakota, et al., Respondents.

(269 N. W. 93.)

*C. L. Crum,* for appellant.

*Geo. S. Register,* and *Hyland & Foster,* for respondents.

CHRISTIANSON, J. This is an appeal from an order dissolving a temporary injunction restraining the defendants from removing a certain school house without submitting the question of removal to a vote of the electors of the school district.

The sole question argued and presented for determination is one of statutory construction.

Section 1184, Comp. Laws 1913, provides: "Whenever in the judgment of the board it is desirable or necessary to the welfare of the schools in the district, or to provide for the children therein proper school privileges or whenever petitioned to do so by one-third of the voters of the district, the board shall call an election of the voters in the district at some convenient time and place fixed by the board, to vote upon the question of the selection, purchase, exchange or sale of a school house site, or the erection, removal or sale of a school house. Said election shall be conducted and the votes canvassed in the same manner as at the annual election of school officers."

Chapter 190, Laws 1925, reads as follows: "An act providing for the moving of school houses to other places within school districts under certain conditions whenever petitioned by a majority of the electors within any common school district, for the removal to another place within such district, such place to be designated in such petition, of a school house not exceeding three thousand dollars in value and in which school house the conducting of a public school has been discontinued for at least one year; it shall be the duty of the school board of such district, provided that the expense of moving such building shall not exceed one-half of the value thereof, to proceed

forthwith to have such school so moved and school established therein at such new location.

"This act shall not be construed as amending or repealing the existing acts governing the removal of school houses, but the proceedings hereby authorized shall be cumulative and in addition thereto."

In 1931 the legislative assembly amended and re-enacted § 1184, supra, to read as follows: "Whenever in the judgment of the Board it is desirable or necessary to the welfare of the schools in the district, or to provide for the children therein proper school privileges, or whenever petitioned to do so by one-third of the voters of the district, the Board shall call an election of the voters in the district at some convenient time and place fixed by the Board, to vote upon the question of the selection, purchase, exchange or sale of a school site, or the erection, removal, purchase or sale of a school house. Said election shall be conducted and the votes canvassed in the same manner as at the annual election of school officers. If the question to be voted upon is the selection of a school site, the Board shall select one site to be described upon the ballot, and the voters shall express their preference either 'For the selection of such site' or 'Against the selection of such site.' If the question to be voted upon is the removal of a school house, the Board shall select one site to be described upon the ballot, and the voters shall express their preference either 'For the removal of said school house to such site' or 'Against the removal of said school house to such site.'" Laws 1931, chapter 253.

In this case a petition was presented for the removal of a school house under the provisions of chapter 190, Laws 1925. No question is raised as to the validity of that statute if it remains in force. It appears beyond controversy that the school house in question did not exceed $3000 in value and that "the conducting of a public school therein had been discontinued for at least one year prior to the time the petition was presented." It also appears that the expense of moving the building will amount to $200.00 and that such expense does not exceed one-half of the value of the building. There is in fact no serious contention by the plaintiff that there has not been a substantial compliance with chapter 190, Laws 1925, and there is no contention that that statute is not a valid enactment. It is the contention of the plaintiff, however, that chapter 190, Laws 1925, is

no longer in force, but that the same was repealed by implication by chapter 253, Laws 1931. It is also contended by the plaintiff that a number of the persons who signed the petition for the removal of the school house signed a remonstrance or protest against such removal, and it is argued that if the names of the persons who signed the remonstrance are eliminated from the petition for removal that such petition will not be signed by a majority of the electors in the school district.

Subsequent legislation repeals previous inconsistent legislation whether the subsequent legislation expressly declares such repeal or not. "In the nature of things it would be so, not only on the theory of intention, but because contradictions cannot stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance." 1 Lewis's Sutherland, Stat. Constr. 2nd ed. pp. 463, 464.

But "repeals by implication are not favored. This means that it is the duty of the court to so construe the acts, if possible, that both shall be operative. 'When some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate upon the same general subject.' 'Considerations of convenience, justice and reasonableness, when they can be invoked against the implication of repeal, are always very potent.' 'There must be such a manifest and total repugnance that the two enactments cannot stand.' 'The earliest statute continues in force unless the two are clearly inconsistent with and repugnant to each other, or unless in the later statute some express notice is taken of the former plainly indicating an intention to repeal it; and where two acts are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication.' These expressions of opinion are supported by numerous cases. One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. 'It is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same specific subject.' When there is a

difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed. Such is the general doctrine, in which all the cases concur." 1 Lewis's Sutherland, Stat Constr. 2nd ed. pp. 465–470.

In this case there is no such repugnancy between chapter 190, Laws 1925 and chapter 253, Laws 1931, as results in a repeal of the earlier statute. Section 1184, Comp. Laws 1913 provided for the removal of a school house pursuant to an election (1) whenever in the judgment of the school board it seemed desirable or necessary; or (2) whenever the board was petitioned by one-third of the voters of the district. But in either case it was required that the question of removal be submitted to the electors of the district at an election. Chapter 190, Laws 1925, authorizes the removal of a school house without an election upon the petition of a majority of the electors of the district, where the school house does not exceed in value $3000 and the conducting of a public school has been discontinued therein for at least one year, and where the expense of moving the building does not exceed one-half of the value thereof. According to the express provisions of said chapter 190 this procedure is not exclusive but is merely cumulative. The provisions of section 1184 still remained applicable to all school houses, and it remained the only method for the removal of school houses other than those which fell within the provisions of chapter 190, Laws 1925.

The legislative enactment of 1931 left the provisions of section 1184, as regards the conditions under which and the procedure by which an election might be had for the removal of a school district, precisely as they were. The only change made by the amendment of 1931 was to prescribe the form of the ballot to be utilized at the election.

The latter enactment, in our opinion, clearly did not evidence any legislative intention to repeal chapter 190, Laws 1925. There is no greater repugnancy or irreconciliability between chapter 190, Laws 1925, and chapter 253, Laws 1931, than there was in the first instance between chapter 190, Laws 1925, and § 1184, Comp. Laws 1913. It follows therefore that chapter 190, Laws 1925, is in full force and effect.

We are also agreed that there is no merit in the contention that

the so-called remonstrance or protest effected a withdrawal of the signatures upon the petition for removal. The so-called remonstrance was in the nature of a protest and a request that there be no removal of the school house from its present location in the year 1936. The protests were filed with the clerk of the school district on May 28, 1936. The petition for the removal of the school house was signed on or subsequent to July 17, 1936. There is no claim that any of the signers on that petition have sought to withdraw their signatures after they had signed the petition. Obviously a protest and request which they signed a month or two before did not bar them from subsequently changing their minds and signing a petition for a removal.

It follows from what has been said that the order of the trial court is correct.

Order affirmed.

BURKE, Ch. J., and MORRIS, NUESSLE and BURR, JJ., concur.