[File No. Cr. 156.]

STATE OF NORTH DAKOTA, Appellant, v. IRVIN YOUNG, Respondent.

(279 N. W. 251.)

Opinion filed April 11, 1938,

*Alvin C. Strutz,* Attorney General, and *James M. Hanley, Jr.,* State's Attorney, for appellant.

*C. F, Kelsch,* for respondent.

CHRISTIANSON, Ch. J.   The defendant was convicted in a justice's court in Morton County of the crime of Sabbath breaking.   The criminal complaint charged that the defendant, on July 4, 1937, in the vicinity of Mandan in Morton county, North Dakota, "did wilfully, unlawfully, publicly sell and offer for sale and expose for sale, a com-

modity, to-wit: beer and intoxicating liquor upon the first day of the week in violation of the statutes in said case made and provided."

The defendant demurred to the complaint on the ground that the facts stated therein did not constitute a public offense. The demurrer was overruled. The defendant entered a plea of not guilty, and the case came on for trial.

The facts in the case were stipulated to be as follows:

"That the defendant is the proprietor and has charge and control of The Tavern situated on Highway No. 10 in Morton county, outside of the city limits in the city of Mandan.

"That the defendant has obtained a license to sell beer and other intoxicating liquors under the laws of the state of North Dakota and the ordinance of Morton county.

"That on June 30, 1937, the Board of County Commissioners of Morton county, duly amended its ordinance to regulate the retail sale of intoxicating liquors outside of the corporate limits of cities and villages of said county."

That the board of county commissioners of Morton county, on June 30, 1937, duly adopted a regulation relating to the sale of intoxicating liquor within said county which read as follows: "No licensee licensed pursuant to this resolution, shall sell, serve or permit to be sold, or served, or consumed on the premises named in the license, any intoxicating liquors between the hours of 4:00 o'clock A. M. and 8:00 A. M. on any weekday nor between the hours of 3:00 A. M. and 12:00 o'clock Noon on Sunday, nor between 12:00 o'clock Midnight on Sunday and 8:00 o'clock A. M. on Monday, nor on election days either special or general, provided however, that no dancing public or otherwise shall be permitted in any premises so licensed, between 3:00 o'clock A. M. on Sunday and 8:00 o'clock A. M. on Monday."

That the chairman of the board of county commissioners of said Morton county informed the defendant of the substance of such ordinance prior to July 4, 1937.

"That this defendant opened his place of business, namely: The Tavern, on Sunday, July 4th, from 12 noon of said day until 12 P. M., for the purpose of selling intoxicating liquors, and during said time he publicly offered and exposed for sale, and sold beer and other intoxicating liquors on said day.

"That the defendant opened his place of business between the hours of 12 noon and 12 P. M., Sunday, July 4th, and publicly offered for sale, and sold beer and other intoxicating liquors in express reliance upon the liquor ordinance of Mortion county, as amended by exhibit '1.' "

"That this defendant honestly and in good faith believed, relied and acted upon the validity of said ordinance.

"That this defendant had not opened his place of business on Sunday from 12 noon to 12 P. M., for the sale of beer and intoxicating liquors prior to July 4th, and that he would not have opened his said place of business for the sale of beer and other intoxicating liquors from 12 noon to 12 P. M., on Sunday, July 4th, if the board of county commissioners of Morton county had not adopted the Amendment to its liquor ordinance authorizing him so to do."

The justice of the peace found the defendant guilty of the crime charged and imposed sentence. The defendant appealed to the district court of Morton county.

It appears from the transcript of the proceedings had, and from the recitals in the order made by the district court, that the parties presented, and the court considered, in connection with the demurrer, "the facts stipulated by the parties." The district court entered an order to the effect that the defendant's demurrer to the complaint be sustained and that the action be dismissed. The state has appealed from such order.

The defendant was charged with having violated § 9240, 1925 Supplement to the Compiled Laws of North Dakota, which reads as follows: "All manner of public selling or offering or exposing for sale publicly, of any commodity upon the first day of the week is prohibited; excepting that meats and fish may be sold at any time before ten o'clock A. M., and excepting that foods may be sold to be eaten upon the premises where sold, and drugs, medicines, surgical appliances, milk, ice cream and soda fountain dispensations, fruits, candy and confectionery, tobacco and cigars, newspapers and magazines may be sold at any time of the day, provided that none of said articles or commodities shall be sold in any billiard hall, pool hall, bowling alley, temperance saloon or any other place where gaming of any kind is conducted

unless said gaming is discontinued from twelve o'clock midnight on Saturday night until six A. M. on Monday."

It is conceded by the defendant that the criminal complaint charges, and that the facts stipulated show, a violation of this section; but he contends that this section was superseded and repealed by certain subsequent legislative enactments relating to the manufacture and sale of beer and alcoholic beverages. The enactments upon which the defendant relies are: initiated measure authorizing the manufacture, sale and distribution of beer approved September 22, 1933, as amended by chapter 97, Laws 1935; and the Liquor Control Act, authorizing and regulating the sale of alcoholic beverages. Laws 1937, chap. 259.

. The first enactment authorized the sale of beer in accordance with the provisions of that act, but made it a misdemeanor for any person to engage in the manufacture and sale of beer without first obtaining a license as therein provided. The defendant places reliance upon §§ 8 and 15 of that Act (initiated measure authorizing the manufacture, sale and distribution of beer approved September 22, 1933, pages 495, et seq., Laws 1935, as amended by chapter 97, Laws 1935), which read as follows:

"Section 8. Delegation of power to incorporated cities and villages and board of county commissioners with reference to beer licenses. There is hereby conferred upon the governing bodies of each incorporated city and village the authority to require licenses from retailers of beer in such village or city, and to license, and to deny and revoke licenses for cause, and to regulate the business of vendors at retail of beer authorized to be sold by this act, in their respective jurisdictions, subject to review by the Courts of the State, to impose and collect a license fee therefor, and to provide for the punishment of any violation of any such regulations, according to the provisions of law, excepting that such regulations shall be uniform, and that all applicants for license, who are qualified under Section 2 of this act, shall be granted licenses by said municipalities.

"There is hereby conferred upon the board of county commissioners of each county the same powers and authority as are herein granted to the governing boards of incorporated cities and villages, relative to the retailing of beer in all territory outside of incorporated cities and villages.

"It shall be unlawful for any place licensed to retail beer in all territory outside of incorporated cities and villages, to sell, give away, or permit to be consumed in any such place any beer or beverage authorized to be sold under the provisions of this act between the hours of two o'clock A. M. and seven o'clock A. M.

"Any person violating the provisions of this act relative to the hours permitted for the sale of beer shall be guilty of a misdemeanor and shall be punished by a fine of not less than ten dollars ($10.00) and not more than one hundred dollars ($100.00) or by imprisonment in the county jail for not more than thirty days or by both such fine and imprisonment, and in addition thereto the license shall be revoked. It shall be the duty of the states attorney, the sheriff, his deputies and all police officials to rigidly enforce all the provisions of this act, and their failure so to do shall be sufficient grounds for their removal from office."

"Section 15. Saving clause as to constitutionality. The object sought by this enactment is to provide for the sale and regulation of beer in the State of North Dakota, and it is hereby declared that if any provision of this act in any manner controverts the provisions of the Constitution of this state, that the remaining provisions would have been enacted by the people even though such provision had been eliminated from the act. Hence, if any of the provisions are found to be in violation of the Constitution, the remaining provisions shall not be affected by such invalidity, but shall remain in full force and effect."

The Liquor Control Act, chapter 259, Laws 1937, authorizes the sale of alcoholic beverages in accordance with the provisions thereof, but makes it a public offense to sell such beverages otherwise than in conformity with such provisions. The Act provides:

"Section 5. Any person engaging in the retail sale of alcohol and alcoholic beverages as herein defined must first procure from the governing body of the City or Village, wherein the said business is to be conducted, a license, the fee therefor to be not less than Two Hundred ($200.00) Dollars, or more than One Thousand ($1,000.00) Dollars, to be determined by the governing body of such City or Village; and any person desiring to engage in the retail sale of alcohol and alcoholic beverages at a place other than in the incorporated limits of

a City or Village must first procure a license from the County Commissioners at the County in which such business is to be conducted, which license fee shall not be less than Two Hundred ($200.00) or more than One Thousand ($1,000.00) Dollars, to be determined by the said Board of County Commissioners; provided that the fee for such license shall be the same to each individual within each of the said political subdivisions respectively; provided further that such license shall not be transferable, except to the executors or administrators of a deceased license holder.

"It is further provided that such retail license shall not permit the sale at any one time to any person of an amount greater than five wine gallons."

"Section 12. There is hereby conferred upon the governing bodies of Cities and Villages, and of the Board of County Commissioners, within their respective jurisdictions, the authority to revoke licenses for cause, and to regulate the retail sale of alcohol and alcoholic beverages, subject to review by the Courts of this State."

"Section 15. The object of this enactment is to provide for the sale and regulation of alcohol and alcoholic beverages in the State of North Dakota, and it is hereby declared that if any provision of this Act in any manner controverts the provisions of the Constitution of this State, that the remaining provisions would have been enacted by the people, even though such provision had been eliminated from the Act. Hence, if any of the provisions are found to be in violation of the Constitution the remaining provisions shall not be affected by such invalidity, but shall remain in full force and effect." Laws 1937, §§ 5, 12 and 15, chap. 259.

It was the contention of the defendant in the court below, and is his contention here, that the above quoted provisions of the act adopted in 1933 relating to the sale of beer, and of the Liquor Control Act enacted in 1936, confer full authority upon the governing boards of villages, cities and counties, as the case may be, to regulate the sale of beer and alcoholic beverages; and that consequently the Board of County Commissioners of Morton county had authority to permit sales of such beverages at such hours on the first day of the week as in their judgment was proper. In short, it was and is the contention of the defendant that the above quoted provisions of said legislative en-

actments operate as an implied repeal of the provisions of § 9240, 1925 Supplement, in so far as the same prohibit the sale of beer and alcoholic beverages on Sunday, and that they confer power upon the governing bodies of villages, cities and counties to authorize the sale of such beverages on Sunday as well as on weekdays.

The trial court sustained these contentions and held that the complaint did not state facts sufficient to constitute a public offense and ordered a dismissal of the action.

In our opinion the trial court erred in so doing.

"An implied repeal results from some enactment the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. In such case the later law prevails as the last expression of the legislative will; therefore, the former law is constructively repealed, since it cannot be supposed that the law-making power intends to enact or continue in force laws which are contradictions. The repugnancy being ascertained, the later act or provision in date or position has full force, and displaces by repeal whatever in the precedent law is inconsistent with it." 1 Lewis's Sutherland, Stat. Constr. 2d ed. § 247, pp. 461, 462. But, "the intention to repeal will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance." 1 Lewis's Sutherland, Stat. Constr. 2d ed. § 247, p. 464.

"It is not enough to justify the inference of repeal that the later law is different; it must be contrary to the prior law. It is not sufficient that the subsequent statute covers some or even all the cases provided for by the former, for it may be merely affirmative, accumulative or auxiliary; there must be positive repugnancy; and even then the old law is repealed by implication only to the extent of the repugnancy. If, by fair and reasonable interpretation, acts which are seemingly incompatible or contradictory may be enforced and made to operate in harmony and without absurdity, both will be upheld, and the later one will not be regarded as repealing the others by construction or intendment." 1 Lewis's Sutherland, Stat. Constr. 2d ed. § 267, p. 511.

"When some office or function can by fair construction be assigned to both acts, and they confer different powers to be exercised for different purposes, both must stand, though they were designed to operate

upon the same general subject. . . . One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. 'It is not enough that there is a discrepancy between different parts of a system of legislation on the same general subject; there must be a conflict between different acts on the same specific subject.' When there is a difference in the whole purview of two statutes apparently relating to the same subject, the former is not repealed." 1 Lewis's Sutherland, Stat. Constr. 2d ed. § 247, pp. 466–469. See also State ex rel. Ohlquist v. Swan, 1 N. D. 5, 44 N. W. 492; State ex rel. Coghlan v. Poindexter, 49 N. D. 201, 190 N. W. 818; Hagstrom v. Estherville School Dist. 67 N. D. 56, 269 N. W. 93.

The statute relating to the sale of beer and the Liquor Control Act relate to a wholly different subject from that to which § 9240, supra, relates, and such statutes were enacted for wholly different purposes than that sought to be accomplished by said § 9240. Section 9240 has reference to the general subject of Sunday observance. The two later statutes relate to the traffic in intoxicating beverages. They were enacted for the purpose of regulating a traffic that theretofore had been prohibited altogether. There is no irreconcilable repugnancy between § 9240 and the two later statutes. They can be construed so as to give effect both to § 9240 and to such later statutes. The great object of statutory construction is to ascertain and give effect to the legislative intent. The two statutes relating respectively to the sale, manufacture and distribution of beer and the manufacture and sale of alcoholic beverages, were not intended to, and did not, operate to repeal any of the provisions of § 9240, supra.

Defendant's counsel in his argument called attention to the decision of this court in Fylken v. Minot, 66 N. D. 251, 264 N. W. 728, 103 A.L.R. 320, and contended that in the decision in that case this court in effect held that the governing body of the city had authority to permit the sale of beer on Sunday. This contention is not well founded. In the Fylken case it was contended that the beer authorized to be sold under the statute relating to the sale, manufacture and distribution of beer, was not intoxicating; that such beer was in fact and in law a food and when consumed on the premises authorized to be sold under the provisions of § 9240; and it was argued that the

ordinance of the city of Minot prohibited the sale of a commodity which § 9240 authorized to be sold.

This court held that beer was not a food and did not fall within the exceptions of § 9240, and, hence, that the provisions of the ordinance of which the plaintiff there complained were not contrary to the provisions of § 9240, supra. This conclusion was decisive of the question raised and the question presented in this case was not involved, submitted or decided there.

The order appealed from is erroneous. It must be and is reversed, and the cause is remanded for further proceedings conformable to law.

BURR, NUESSLE and MORRIS, JJ., and GRIMSON, Dist. J., concur.