[File No. 6842.]

THE STATE OF NORTH DAKOTA, Doing Business and Operating as the State Hail Insurance Department of the State of North Dakota, Respondent, v. JOHN MOSES as Governor of the State of North Dakota, Berta Baker as State Auditor of the State of North Dakota, Herman Thorson as Secretary of the State of North Dakota, John Graham as Examiner of the State of North Dakota, and Carl Anderson as Treasurer of the State of North Dakota, Appellants.

(5 NW(2d) 303.)

Opinion filed August 4, 1942.

*Geo. F. Shafer,* for appellants.
*W. J. Austin,* for respondent.

MORRIS, J.   This is a proceeding in mandamus instituted by the State Hail Insurance Department of the State of North Dakota to compel payment of three vouchers for $100,000, each filed with the State Auditor and presented to and payment refused by the State Auditing Board.   The Hail Insurance Department claims to be entitled to the payment of these vouchers by virtue of chapter 41, ND Session Laws 1939 whch reads as follows:   "There is hereby appropriated out of the State Equalization Fund, the sum of one million dollars (the sum of thirty-eight thousand, eight hundred and sixty-five dollars and forty-one cents, '$38,865.41' having been paid out of said fund July 15th, 1938) for the purpose of returning said sum to the State Hail Insurance Fund, the said sum having been diverted from said State Hail Insurance Fund to said State Equalization Fund by chapter 155 of the Session Laws of North Dakota for 1935; and it shall become the duty of the proper offi-

144

cers, upon the taking effect of this act, to transfer from and to pay from said State Equalization Fund to said State Hail Insurance Fund, the sum of one million dollars in ten equal, annual installments, the first installment to be paid July 15th, 1939."

The vouchers represent instalments claimed to be due under the above statute on July 15, 1939, July 15, 1940 and July 15, 1941. The trial court held that payment should not be made upon the voucher representing the last installment but that the other two vouchers were valid claims and rendered judgment directing a peremptory writ of mandamus to issue commanding the respondents below, who are appellants in this court, to transfer and pay from the State Equalization Fund to the State Hail Insurance Department the sum of $200,000, representing the installments due July 15, 1939, and July 15, 1940.

The statutory situation bearing upon this controversy is somewhat involved. The same legislative assembly that passed chapter 41, supra, also enacted chapter 209, ND Session Laws 1939 which created the State Equalization Fund and transferred to it "All monies now in the State Equalization Fund as it was created by chapter 227 of the Laws of 1937." The record in this action does not show the amount transferred to the 1939 Equalization Fund under the above provision. However, in a former action involving part of the funds now in controversy, we stated: "The first section of chapter 209 transfers all the money in the old State Equalization Fund to the new one created by that chapter. The testimony shows this to be the sum of $97,608.50." Erickson v. Thompson, 69 ND 533, 288 NW 462.

The same legislative assembly by chapter 29, ND Sesson Laws 1939 provided:

"There is hereby appropriated out of any monies in the State Treasury, not otherwise appropriated, the sum of $4,510,000.00 or so much thereof as may be necessary to make the payments provided for under the State Equalization Fund Law as provided for in Senate Bill No. 237 as passed by the 1939 Session of the Legislature for the biennium beginning July 1, 1939, and ending June 30, 1941, provided, however, that payments authorized for the school year ending on or about June 1, 1941, may be made from this fund up to October 1, 1941, to-wit:

| | | |
|---|---|---:|
| (1) | High school correspondence work ......$ | 100,000.00 |
| (2) | Vocational education ............... | 40,000.00 |
| (3) | Emergency fund ................... | 500,000.00 |
| (4) | Non-resident high school tuition ....... | 1,100,000.00 |
| (5) | Teacher unit payment .............. | 1,770,000.00 |
| (6) | Per pupil payment ................. | 1,000,000.00 |

$4,510,000.00"

(This Act was amended by the initiated measure appearing as chapter 310 and by chapter 35, both of the ND Session Laws 1941. These amendments change the amounts of some items but not the total.)

The same legislative assembly by chapter 234, ND Session Laws 1939, enacted a Retail Sales Tax Measure and provided for the disposition of the proceeds of the sales tax as follows: "All monies collected and received under this act shall be paid into the State Treasury and shall be credited by the State Treasurer into a special fund to be known as 'The Retail Sales Tax Fund.' Out of this fund the State Treasurer shall first provide for the payment of refunds allowed under this act. The net amount of monies remaining in said 'Retail Sales Tax Fund' shall be covered in and transferred to the General Fund of the State of North Dakota."

Thus, it will be noted that the 1939 legislative assembly provided for the payment of the net proceeds of the sales tax into the General Fund and out of the General Fund it appropriated $4,510,000 to make the payments provided for under the State Equalization Law (chapter 209). The sum thus appropriated was in addition to the moneys transferred to the 1939 Equalization Fund from the former Equalization Fund.

At this point, we should also note that on June 25, 1940, the people, through the initiative process, enacted two measures dealing with the allocation of the proceeds of Sales Tax; the first being chapter 308, ND Sesson Laws 1941 which reads as follows: "All moneys coming into the State Treasury from and after the effective date of this Act, as the proceeds of any sales tax heretofore or hereafter adopted by the Legislature of the State of North Dakota, after deducting actual expenses for administrating such Sales Tax Act, shall be placed in a separate fund

and no disbursements shall be made therefrom save and except for the purpose of meeting the appropriation for education through the State Equalization Fund and for relief through the State Public Welfare Fund."

The second measure, chapter 309, puts the Sales Tax moneys in a special fund and after the payment of refunds requires the remaining proceeds to be distributed as follows:   Seven-twelfths (7/12) solely in paying disbursements authorized by chapter 29 pursuant to the provisions of chapter 209, ND Session Laws 1939, or amendments thereto. The remaining five-twelfths (5/12) is to be devoted to Public Welfare under chapters 80, 83 and 84, ND Session Laws 1939.   The initiated measures became effective July 25, 1940.

These initiated measures did not affect the sums allocated to the 1939 Equalization Fund by the legislative assembly.   In State ex rel. Strutz v. Baker, 71 ND 669, 3 NW (2d) 802, we said:   "The appropriation made by chapter 29, Laws 1939, was not made out of the proceeds of any one tax.   It was not made dependent upon the amount of receipts by the State Treasurer from any one source of State revenue.   It was a positive, unequivocal appropriation 'out of any monies in the State Treasury, not otherwise appropriated' of a specific, definite sum for each of the six purposes enumerated in the statute.   The initiative measures in no manner changed this.   .   .   .   The initiative measure providing for ear-marking moneys received for retail sales taxes did not change the nature or character of the appropriation in said Chapter 29 or make such appropriation contingent upon the amount of retail sales taxes collected."

The 1941 legislative assembly enacted a new State Equalization Fund Law (chapter 255, ND Session Laws 1941) in which it retained the purpose of the former law and the same general administrative provisions.   The title of the 1941 Act is the same as its predecessor with the exception of the repealing clause.   The new Act provides that "chapter 209 of the Session Laws of 1939 and all other acts or parts of acts in conflict herewith are hereby repealed."

No moneys were transferred from the 1939 Equalization Fund to

that of 1941 nor were any legislative appropriations made to this fund from the General Fund.

In Erickson v. Thompson, supra, the Hail Insurance Department sought to enforce payment of the instalment which it claimed to be due July 1, 1939 under the provisions of chapter 41, ND Session Laws 1939. In that case we held that the appropriations made by chapters 29 and 209 took precedence over the appropriation made by chapter 41 and until the appropriations having priority were paid in full there was no money available for the Hail Insurance Department. We also called attention to the provision in chapter 209, directing the reversion to the General Fund at the close of the biennium of all of the amount remaining in excess of $100,000. We then determined that chapter 41 could operate only on the amount remaining in the Equalization Fund not exceeding $100,000. The trial court, however, determined that the amount remaining in the 1939 Equalization Fund exceeded $200,000 and directed payment of two instalments of $100,000 each which under the provisions of chapter 41 became due July 1, 1939, and July 1, 1940. In this the trial court was in error. Only $100,000 remained in the 1939 Equalization Fund available for the payment of any sums charged against it by chapter 41.

The appellants herein contend that there is no money whatever available to pay any of the appropriations provided by chapter 41, ND Session Laws 1939. They base this contention chiefly upon two grounds; first, that chapter 41 has been repealed by operation of law; and second, that since chapter 29, ND Session Laws 1939 has been repealed, there was on and after July 1, 1941, no equalization fund in existence upon which the appropriations provided by chapter 41 could operate.

Chapter 41, ND Session Laws 1939, has not been specifically repealed. It is argued, however, that chapter 41 operates only against the State Equalization Fund created by chapter 209, ND Session Laws 1939 and that since chapter 255, ND Session Laws 1941, creates a new Equalization Fund and repeals the Act under which the 1939 Equalization Fund was created the result is to repeal by operation of law, chapter 41, which made appropriations out of the 1939 Fund. A later statute repeals an earlier one if it is inconsistent therewith. State ex rel. Lofthus v. Langer, 46 ND 462, 177 NW 408. In order to effect

such a repeal, the inconsistency must be so marked and definite as to amount to a positive repugnancy. Repeals by implication are not favored and both statutes will be permitted to stand if by reasonable construction both can be given effect. Fargo v. Ross, 11 ND 369, 92 NW 449; Sargent County v. Sweetman, 29 ND 256, 150 NW 876; State ex rel. Coghlan v. Poindexter, 49 ND 201, 190 NW 818; Eddy v. Krekow, 54 ND 220, 209 NW 225; Hagstrom v. Estherville School Dist. 67 ND 56, 269 NW 93; State v. Young, 68 ND 300, 279 NW 251. Since the legislature did not see fit to specifically repeal chapter 41, it stands unless repealed by implication or operation of law. The legislature in enacting the 1941 Equalization Fund Law saw fit to specifically repeal chapter 209 of the ND Session Laws 1939. Had it intended to also repeal chapter 41, it could and no doubt would have included that chapter in the repeal clause. The presumption, therefore, is that the legislature intended chapter 41 to stand. There is no such repugnancy or positive inconsistency between that chapter and chapter 255, ND Session Laws 1941 as to bring about a repeal by implication or operation of law.

We now consider the contention of the appellants that there was on or on and after July 1, 1941, no moneys available upon which the appropriations provided by chapter 41 could operate. This argument is based upon the repeal of the 1939 Equalization Fund Law by chapter 255, ND Session Laws 1941. We do not believe the passage of chapter 255 brought about the result for which the appellants contend. Chapter 209, ND Session Laws 1939, contemplated that after the various payments had been made as that Act provided, should there be a balance in the Equalization fund, $100,000 of that balance should remain in the fund and the surplus over that amount would revert to the General Fund. We do not believe that by the enactment of chapter 255, ND Session Laws 1941, and the repeal therein contained the legislature intended to in any way interfere with the disposition of the 1939 Fund. The very fact that chapter 41, ND Session Laws 1939, was not specifically repealed is an indication that the legislature intended that it should operate upon such portion of the balance of the 1939 Fund as might be found available. This sum we construed in Erickson v. Thompson, supra, to be $100,000. This case was decided November

14, 1939. The 1941 legislature was, no doubt, aware of that decision and enacted the new Equalization Law with the decision in mind. The now law fits perfectly into the situation created by chapter 41 and chapter 209 of the ND Session Laws 1939. By the terms of these Acts, after the payments provided for under the Equalization Law had been made, the balance in excess of $100,000 reverted to the General Fund. The Hail Insurance Department was entitled to the $100,000. All moneys in the 1939 Equalization Fund were transferred or appropriated out of that fund. Thus the fund was completely exhausted. The 1941 legislature, contemplating and intending that situation, created the new Equalization Law to which no moneys were transferred from the former Fund as had previously been the legislative custom and no moneys were appropriated out of the General Fund. The new fund has as its only source of revenue Sales Tax moneys allocated to it, the use of which was restricted to educational purposes. The new Equalization Fund as thus created becomes purely a Sales Tax Fund. Its source of revenue is unmixed and unadulterated. No confusion can now rise as to the purposes for which the moneys in that fund may be used. They are restricted by the initiated measure (chapter 308, ND Session Laws 1941) and the 1941 Sales Tax Act (chapter 283, ND Session Laws 1941) to the purposes set forth in the State Equalization Fund law. Thus, the moneys in the new Equalization Fund are not subject to or available for transfer or appropriation to the State Hail Insurance Department.

Since it appears that after the payments required to be made under the 1939 Equalization Fund Law, there remained in that fund moneys in excess of $100,000 and the excess reverted to the General Fund, chapter 41, ND Session Laws 1939, became effective to appropriate out of the 1939 Equalization Fund to the Hail Insurance Department the sum of $100,000. The plaintiff in this action is entitled to a writ of mandamus directing the payment of this sum. The judgment appealed from is modified to so provide and as so modified is affirmed.

BURR, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.