**CITY OF BISMARCK, a Municipal Corporation, Plaintiff and Respondent,**

v.

**ST. MARY'S CHURCH, a Corporation, Defendant and Appellant.**

**Civ. No. 8667.**

Supreme Court of North Dakota.

Dec. 4, 1970.

Rausch & Chapman, Bismarck, for defendant and appellant.

John A. Zuger, Bismarck, for plaintiff and respondent.

ERICKSTAD, Judge.

The defendant, St. Mary's Church, a corporation, appeals to this court from a judgment of the district court of Burleigh County, entered on the 9th day of March, 1970. The judgment appealed from results from a declaratory judgment action brought by the plaintiff, the City of Bismarck, to determine whether special assessments for street improvements levied upon the cemetery property of the Church are valid.

The Church's answer to the complaint is that the property on which the assessments have been levied is cemetery property and thus exempt from assessment under Section 28–22–02, N.D.C.C.

On a motion for summary judgment on the pleadings and upon a stipulation of the facts, the district court concluded to the contrary and ordered judgment for the plaintiff, holding that the assessments for special improvements were valid on the basis of this court's statement in Soo Line Railroad v. City of Wilton, 172 N.W.2d 74 (N.D.1969).

The district court in its memorandum opinion relied particularly upon the following language in *Soo Line*:

"In determining whether an improvement does, or does not, benefit property within the assessment district, the land should be considered simply in its general relations and apart from its particular use at the time; and an assessment, otherwise legal, for grading, paving and curbing an adjoining street is not void under the Fourteenth Amendment because the lot is not benefited by the improvement owing to its present particular use." L. & N. R. R. Co. v. Barber Asphalt Co., 197 U.S. 430, 25 S.Ct. 466, 49 L.Ed. 819 (1905).

Soo Line Railroad v. City of Wilton, 172 N.W.2d 74, 82 (N.D.1969).

In the same memorandum opinion the trial court said:

While it is difficult for me to find that the cemetery property is subject to special assessments, the Soo Line case, above cited, leaves me no choice.

The trial court concluded that it was bound by the rule of "stare decisis".

In response to the argument that there could be no means of enforcing the assessments if the property were exempt from all process under Section 28–22–02, N.D.C.C., the court again quoted from *Soo Line* the following:

The great weight of authority is that a railroad right of way may be subjected to a special or local assessment even though such an assessment cannot be enforced by a sale of the property. 48 Am. Jur., Special or Local Assessments § 104, p. 653. See also 14 McQuillin, Municipal Corporations § 38.41, p. 140.

Soo Line Railroad Company v. City of Wilton, 172 N.W.2d 74, 82 (N.D.1969).

In applying the language in *Soo Line,* a case involving the question of the legality of special assessments upon property of a corporation organized for profit, the Soo Line Railroad Company, to this case, involving the issue of the legality of special assessments on cemetery property owned by a nonprofit corporation, when said property is by Section 28–22–02, N.D.C.C., "absolutely exempt from all process, levy, or sale," the trial court has extended the holding in *Soo Line* and the reasoning in support of that holding beyond the intent of this court in that case. The issues, the facts, and the statutes distinguish *Soo Line* from this case.

The City asserts that this court in another case has clearly distinguished between an exemption from taxation and an exemption from assessments, and in support of its position refers us to the following quotation from a 1967 decision of this court, involving the issue of the validity of special assessments on property owned by the City of Southwest Fargo Urban Renewal Agency. The City particularly refers us to the following quotation from the *Urban Renewal* case:

It will be noted from a study of the statute that urban renewal property is "exempt from all taxes of the municipality, the county, the state or any political subdivision thereof." Had the legislature intended that the urban renewal property be exempt from special assessments, the usual language to accomplish that would have been "all taxes *and special assessments.*" The failure to make reference to special assessments, we believe, was intentional.

City of Southwest Fargo Urban Renewal Ag. v. Lenthe, 149 N.W.2d 373, 378 (N.D.1967).

We would point out, however, that in that case, immediately following the part quoted, we said:

Our view is supported by the fact that the legislature, in discussing the powers given to an urban renewal agency under § 40–58–07(8), empowered the agency to "levy taxes and assessments."

Section 40–23–07 further supports our view. The pertinent part of that section reads as follows:

40–23–07. *Regulations governing determination of special assessments by commission—Political subdivisions not exempt.—* * * * Benefited property belonging to counties, cities, villages, school districts, park districts, and townships, shall not be exempt from such assessment, and such public corporations whose property is so assessed shall provide for the payment of such assessments, installments thereof and interest thereon, by the levy of taxes according to law. * * *

North Dakota Century Code.

Although urban renewal agencies are not specifically mentioned therein, cities are, and their property is made specifically not exempt from special assessments.

City of Southwest Fargo Urban Renew. Ag. v. Lenthe, 149 N.W.2d 373, 378 (N.D.1967).

We agree with the City that this court has distinguished between general taxation and special assessments and that Subsection (5) of Section 57–02–08, N.D.C.C., which exempts all lands used exclusively for burying grounds or cemeteries from "taxation" does not of itself exempt cemetery property from special assessments. It may also be said that Subsection (3) of Section 28–22–02, N.D.C.C., which exempts lots in burial grounds from all process, levy, and sale, may not of itself exempt such property from special assessments. This may be argued from the fact that included among the items absolutely exempt is the homestead, which we realize may be lost to the county when taxes are not paid.

These sections, insufficient when standing alone, become more meaningful when considered in light of long-established public policy protecting the burial places of human beings from all intrusion. It is our view that the Legislature did not intend to legislate contrary to that policy, notwithstanding the adoption by the 1959 session of the Legislature of the Nonprofit Corporation Act, Chapter 111, creating Chapters 10–24, 10–25, 10–26, 10–27, and 10–28, of the North Dakota Revised Code of 1943, and specifically repealing Section 10–1011, N.D.R.C. of 1943, which exempted cemetery property from "taxation, assessment, lien, attachment, and from levy and sale upon execution."

The records of the subcommittee on Judiciary and Code Revision of the Legislative Research Committee during the interim between the 1957 and the 1959 legislative sessions, which subcommittee studied the Nonprofit Corporation Act and ultimately recommended its adoption, disclose no intention on the part of that subcommittee to break with public policy. We likewise find no evidence of such an intention on the part of the full committee. See Graves v. First National Bank in Grand Forks, 138 N.W.2d 584, 592 (N.D.1965), in which we recognized public policy as a determining factor.

Pertinent is the rule of construction contained in Section 1–02–01, N.D.C.C., part of which reads:

* * * The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice.

Through Section 12–21–29, N.D.C.C., the Legislature has provided criminal sanctions to prevent disruption of the tranquility of a cemetery.

Such section reads as follows:

12–21–29. *Injury to cemetery or tomb —Misdemeanor.*—Every person who willfully shall destroy, mutilate, deface, injure, or remove any tomb, monument, gravestone, or other structure placed in any cemetery or private burying ground, or any fence, railing, or other work for the protection or ornament of such cemetery or place of burial of any human being, or who willfully shall destroy, cut, break, or injure any tree, shrub, or plant within the limits thereof, shall be guilty of a misdemeanor, and shall be punished by a fine of not less than five dollars nor more than five hundred dollars, or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment.

It is inconceivable to us that the Legislature, with the policy in mind of preserving an atmosphere of tranquility, even to the extent of imposing criminal sanctions against those who would disrupt such tranquility, would on the other hand contemplate permitting an intrusion upon that atmosphere of tranquility by those who would purchase areas unused for burial interposed among the lots which contain graves

of the dead or areas used as boulevards, walkways, or driveways, for possible uses other than the burial of the dead. Such a disruption would be possible if the property were not exempt from special assessments and consequently were sold in the process of enforcing those special assessments.

The Louisiana Supreme Court as long ago as 1885 expressed its sentiments in this way: "What would be the security of those who venerate their dead, if the tax-gatherer might enter such sacred precincts and sell, at public out-cry, the land adjoining their tombs to some publican who might build thereon a bar-room or a brothel?" Metairie Cemetery Asso. v. Board of Assessors (1885), 37 La.Ann. 32, Bk. 44 La. 33, 36; 122 A.L.R. 901 (1939).

An annotation from American Law Reports explains the action which courts have taken generally, as follows:

The circumstance most commonly appealed to as indicating the exemption of cemetery property from special assessment is that, for one or more purposes, such property has been expressly or impliedly exempted from liability to sale. Where the exemption from sale has been held to preclude any sale whatever to enforce assessments, an exemption from the assessment itself is commonly inferred.

71 A.L.R. at 324 (1931).

For the reasons stated in this opinion, the special assessments upon the property of the cemetery lawfully owned by the Church (a nonprofit corporation) are held to be void and, accordingly, the judgment of the district court is reversed.

PAULSON and STRUTZ, JJ., concur.

TEIGEN, Chief Justice (dissenting).

I dissent.

As a person I sympathize with the result attained by the majority; however, as a judicial officer having the responsibility of interpreting the law and not writing the law on subjects which have been so clearly legislated, I must put my personal sympathies aside and decide the case applying the law established by the Legislature. There are many cases that the law decides but there are few cases that decide the law. The law clearly decides this case.

Section 10–1011, N.D.R.C. of 1943, provided:

"All the property of every cemetery corporation and the lots sold by it to individual proprietors shall be exempt from taxation, assessment, lien, attachment, and from levy and sale upon execution. All such real property shall be exempt from appropriation for streets, roads, or any other public uses or purposes."

The above statute was expressly repealed by Chapter 111 of the Session Laws of 1959, Section 10–2818(c), which chapter enacted the "North Dakota Nonprofit Corporation Act." This repeal can now be found in Section 10–28–18 of the North Dakota Century Code. No statute has since been enacted which grants cemeteries a tax or assessment exempt status. In State ex rel. Strutz v. Baker, 71 N.D. 153, 299 N.W. 574, at 578, this court, in defining legislative parlance, said:

"A repeal destroys; an amendment keeps alive."

Under Section 10–1011, N.D.R.C. of 1943, first enacted in 1895, the public policy was declared to the effect that all the property of every cemetery corporation be exempt from "taxation, assessment, lien, attachment, and from levy and sale upon execution." However, this policy was expressly repealed by the Legislature, effective from and after June 30, 1961, by Chapter 111 of the Session Laws of 1959.

The Louisiana case of Metairie Cemetery Association v. Board of Assessors, cited by the majority, was decided in 1885, and the court in that case was concerned with a constitutional exemption from taxation of "all places of burial—provided such exempted property be not used or leased for purposes of private or corporate profit or income, * * *." Construing this consti-

tutional provision, the Louisiana court concluded that the cemetery in question, as a whole, was a "place of burial" within the intendment of the constitution and, therefore, held that it was exempt from taxation unless it was leased or used for purposes of private or corporate income or profit. North Dakota has no similar constitutional provision and, in view of the action taken by the 1959 Legislature, we no longer have a statute exempting cemeteries from special assessments.

The general law on this subject, where there is no constitutional or statutory provision, appears to be quite to the contrary of the majority decision.

"The principle is generally recognized that lands are not exempt from liability to special or local assessment merely because set apart exclusively for burial purposes, and public cemeteries have been held not exempt from special assessments as being public property or devoted to public use. Any such exemption must be clearly established, and must result from constitutional or statutory provisions." 48 Am.Jur., Special or Local Assessments, Sec. 98.

"The principle is generally recognized that lands are not exempt from liability to special assessment merely because set apart exclusively for burial purposes." 71 A.L.R. Anno.—Cemeteries—Local Improvement Assessment, at 322.

" * * * aside from valid constitutional or statutory exemption, according to the weight of authority, burial grounds and the property of cemetery associations are liable to special assessment for local improvements in like manner as other property, since, as stated, exemption from taxation in general has no application whatever to such exactions." McQuillin on Municipal Corporations, Sec. 38.83.

The majority state that the records of the subcommittee and the full committee on legislative research, which studied and recommended the adoption of the Nonprofit Corporation Act, disclose no intention to break

with public policy. However, these committees did recommend the repeal of Section 10–1011, N.D.R.C. of 1943, which, to me, discloses an intention to break with established governmental or public policy as it then existed. Furthermore, the Legislature adopted the Nonprofit Corporation Act recommended by these committees and, in so doing, specifically repealed the exemption statute. In light of the above historical background, I cannot hold that the Legislature had no intention of doing what it so plainly did do.

Public policy of a state is founded upon its constitution and statutes. By the express repeal of the exemption statute, the exemption was destroyed.

"It is generally recognized that the public policy of a state is to be found in its constitution and statutes. Only in the absence of any declaration in these instruments may it be determined from judicial decisions. The Supreme Court has pointed out the limitations both of judicial declaration of public policy and of the application of the theory, stating that the theory of public policy embodies a doctrine of vague and variable quality, and unless deducible in the given circumstances from constitutional or statutory provisions, should be accepted as the basis of a judicial determination, if at all, only with the utmost circumspection."

16 Am.Jur.2d, Constitutional Law, Sec. 167.

The courts are not at liberty to declare a law void as being in violation of public policy because public policy is determined by the Legislature and the only limits upon the legislative power in such determinations are those fixed in the state and Federal constitutions. State ex rel. Linde v. Taylor, 33 N.D. 76, 156 N.W. 561, dismissed 245 U.S. 627, 38 S.Ct. 60, 62 L.Ed. 518.

Our court can announce no public policy of its own but merely what it believes to be the public policy of the people of the state by which it is created. The court has no power to create or command but merely to construe and, where the people have spoken

either in the form of a constitutional enactment or a valid and constitutional statute, it must be controlled by their decisions. Northern P. R. Co. v. Richland County, 28 N.D. 172, 148 N.W. 545; L.R.A.1915A, 129.

This is not a case where the court is called upon to construe or enforce a private contract, concerning which no public policy has been announced. It is a case in which we are asked to set aside a statute which itself expresses a public policy of the state in that it expressly repeals the exemption statute. It is true, as stated by the majority, that in Graves v. First National Bank in Grand Forks, 138 N.W.2d 584, 592 (N.D.1965), we recognized public policy as a factor in determining the validity of a provision in a last will and testament, but that case is not applicable here as it involved a matter upon which no public policy had been announced in the constitution or statutes. In this case the public has spoken through its Legislature. It enacted Section 10–2818(c) of Chapter 111 of the Session Laws of 1959. It expressly repeals Section 10–1011, N.D.R.C. of 1943, and there is now no statute which, in clear and unequivocal terms, exempts cemeteries from special assessments. I do not agree that Section 12–21–29, N.D.C.C., is an expression of legislative intent pertaining to taxation or assessment of cemeteries. This is a penal statute prohibiting desecration of property within a cemetery or a private burial ground. Its subject is not taxation, or assessments, or levy, or sale. It is not repugnant to the repeal of the exemption statute. One statute is not repugnant to another unless they relate to the same subject and are enacted for the same purpose. State v. Young, 68 N.D. 300, 279 N.W. 251; State v. Hawley, 68 N.D. 309, 279 N.W. 255; State v. Coman, 68 N.D. 310, 279 N.W. 256.

In the face of the express repeal of the exemption statute, it is inconceivable to me that the Legislature intended that the penal statute prohibiting desecration should be substituted for it. The quote cited by the majority from 71 A.L.R. at 324 does not support their reasoning in this case.

For the reasons set forth above, it is my opinion that special assessments on the property of the cemetery are valid assessments unless, for some reason not advanced here, they may be set aside. It is, therefore, my belief that the judgment of the district court should be affirmed.

KNUDSON, J., concurs.