*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BACK IN MOTION CHIROPRACTIC, DC, PLLC,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
June 20, 2019

No. 341886
Wayne Circuit Court
LC No. 17-002778-NF

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Plaintiff, Back in Motion Chiropractic, DC, PLLC, appeals an order granting summary disposition in favor of defendant, State Farm Mutual Automobile Insurance Company. We reverse and remand for further proceedings.

In this action for recovery of medical expenses under the no-fault act, MCL 500.3101 *et seq.*, plaintiff filed suit in February 2017 seeking payment for services it rendered to Sabrina Gater following a car accident. Defendant filed a motion for summary disposition, pursuant to MCR 2.116(C)(8), after the Michigan Supreme Court's ruling in *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 196; 895 NW2d 490 (2017), which held that healthcare providers do not have an independent statutory cause of action against no-fault insurers for the recovery of personal protection insurance (PIP) benefits under the no-fault act. Plaintiff amended its complaint to assert a cause of action based on Gater's June 3, 2017 assignment of her rights to payment of benefits. The trial court granted defendant's motion for summary disposition, finding that the antiassignment clause in Gater's insurance policy precluded assignment without defendant's approval.

Plaintiff argues that the trial court erred when it granted defendant's motion for summary disposition because antiassignment clauses have been held to be void because they are against public policy. We agree.

This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005). Defendant moved for summary disposition pursuant to MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint," and the court may only consider the pleadings. *Maiden v Rozwood*, 461 Mich 109, 119-120; 597 NW2d 817 (1999). "When deciding a motion under (C)(8), this Court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the nonmoving party." *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304-305; 788 NW2d 679 (2010). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden*, 461 Mich at 119 (quotation marks and citation omitted).

However, the trial court "clearly considered material outside the pleadings, contrary to the proper procedure for considering a motion under MCR 2.116(C)(8)." *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 206; 920 NW2d 148 (2018). Although plaintiff attached Gater's assignment document to the corrected and amended complaint, the insurance policy that contained the antiassignment clause was not attached to the pleadings[1]; instead, the insurance policy was provided as an exhibit to defendant's response to plaintiff's motion for leave to amend its complaint. The insurance policy that contained the antiassignment clause was crucial to the trial court's decision to grant defendant's motion for summary disposition. "Therefore, we treat the motion as having been brought and decided under MCR 2.116(C)(10) because it necessarily involved considering material outside the pleadings." *Id*. at 207.

A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden*, 461 Mich at 120.]

In *Covenant*, the Michigan Supreme Court held that healthcare providers do not possess an independent statutory cause of action against no-fault insurers. *Covenant*, 500 Mich at 217. However, the *Covenant* Court clarified that a healthcare provider is not without recourse for services rendered to an injured person because the Court's holding did not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id*. at 217 n 40.

On June 3, 2017, Gater assigned her right to pursue a claim for payment of benefits to plaintiff. The contract stated that Gater assigned her "claim/right to pursue payment from any Insurance entity for services [she] received at this clinic, to the clinic, including, but not limited

---

[1] A pleading is a complaint, cross-claim, counterclaim, third-party complaint, an answer to any of the aforementioned documents, and a reply to an answer. MCR 2.110(A).

to[,] filing suit to pursue benefits." Therefore, plaintiff had a legally sufficient cause of action unless the assignment is found to be void.

Defendant argues that the trial court properly granted summary disposition because the antiassignment clause in the insurance policy unambiguously prevented Gater from transferring her claim for benefits under the policy unless there was a written demand made and defendant agreed to the assignment. The antiassignment clause in the insurance policy states: "No assignment of benefits or other transfer of rights is binding upon us unless approved by us."

"Insurance policies are contracts and, in the absence of an applicable statute, are subject to the same contract construction principles that apply to any other species of contract." *Titan Ins Co v Hyten*, 491 Mich 547, 554; 817 NW2d 562 (2012) (quotation marks and citation omitted). "[O]ur Supreme Court has . . . recognized that 'courts are to enforce the agreement as written *absent some highly unusual circumstance such as a contract in violation of law or public policy.*' " *Shah*, 324 Mich App at 197, quoting *Rory*, 473 Mich at 469. "Because the contract at issue involves mandatory PIP benefits required by the no-fault act, the contract and statutes must be read and construed together as though the statutes were part of the contract . . . ." *Henry Ford Health Sys v Everest Nat'l Ins Co*, 326 Mich App 398; ___ NW2d ___ (2018) (quotation marks and citation omitted).

The factual scenario in *Shah* is nearly identical to the facts of this case. In *Shah*, the insured was injured in a car accident; he then assigned his right to payment of no-fault benefits for rendered medical services to the plaintiff, his healthcare provider. *Shah*, 324 Mich App at 186-188. The plaintiff then sued the defendant, the injured person's insurance company. *Id*. After *Covenant* was issued, the plaintiff obtained an assignment of rights to pursue payment of no-fault benefits from the defendant. *Id*. at 187-188. The *Shah* Court determined that "*Roger Williams* [*Ins Co v Carrington*, 43 Mich 252; 5 NW2d 303 (1880)] essentially held that an accrued cause of action may be freely assigned after the loss and that an antiassignment clause is not enforceable to restrict such an assignment because such a clause violates public policy in that situation." *Shah*, 324 Mich App at 200. Accordingly, the *Shah* Court determined that "the antiassignment clause in the instant case is unenforceable to prohibit the assignment that occurred here—an assignment after the loss occurred of an accrued claim to payment—because such a prohibition of assignment violates Michigan public policy that is part of our common law as set forth by our Supreme Court." *Id*. Based on *Shah*, the trial court erred in this case when it granted defendant's motion for summary disposition because, once a claim for payment is made after a cause of action has accrued, the antiassignment clause in defendant's insurance policy contravenes public policy and so is void and unenforceable.

Although defendant argues that the *Shah* Court's reliance on *Roger Williams* was misplaced, and this Court should therefore convene a conflict panel, *Shah* recognized:

> [A]s our Supreme Court has instructed, we are bound to follow its decisions except where those decisions have clearly been overruled or superseded. There is no indication that *Roger Williams* or its holding relating to antiassignment clauses has been clearly overruled or superseded. Therefore, if the continued validity of *Roger Williams* is to be called into question, it will have to be by our Supreme Court. [*Shah*, 324 Mich App at 201 (quotation marks and citation omitted).]

-3-

Because this Court recognized that unambiguous contract terms must generally be enforced as written, yet still applied *Roger Williams*, this Court must continue to follow *Shah*. MCR 7.215(J)(1); *Holland Home v City of Grand Rapids*, 219 Mich App 384, 394; 557 NW2d 118 (1996) ("A decision by any panel of this Court is controlling precedent until a contrary result is reached by this Court or the Supreme Court takes other action."). Moreover, a conflict panel is unnecessary based on MCR 7.215(K)(3) because *Shah*'s holding is currently on appeal to the Michigan Supreme Court. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 503 Mich 882 (2018).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello